■ WEST 15TH STREET ASSOCIATES, Appellant, v MANU-CHEHR SASSOONIAN et al., Respondents.—Order of the Appellate Term, of the Supreme Court, First Department (Jawn A. Sanifer, Stanley Parness, William P. McCooe, JJ.), entered November 18, 1988, which affirmed an order of the Civil Court, New York County (Richard S. Lane, J.), entered July 14, 1988, denying petitioner landlord's motion for summary judgment, unanimously affirmed, without costs.

In this proceeding to recover possession of a rent-controlled apartment, the landlord argues that the subject apartment is not the respondent tenant's primary residence. In support of this argument, the landlord alleges that the tenant, a photographer, uses the premises only as a studio, and that he actually resides at a different address with a girlfriend. The tenant, who freelances and works out of his own apartment, which he uses as a business address, claims that he also has been affiliated with various galleries, including the one which his girlfriend maintains in her cooperative apartment. He admits staying at the girlfriend's residence for five or six

nights a week for the prior year, and that he keeps some clothes there. He notes, however, that the subject apartment has been his sole residence for 25 years, that he spends the remainder of his time there, and maintains bank accounts, stock accounts, voter and driver registrations, driver's license, utility and telephone accounts exclusively at that address.

Thus, it appears that a sufficient factual dispute exists on which to affirm Civil Court's denial of the landlord's motion. We, however, granted the landlord leave to appeal on the basis of two further factors which, the landlord argues, are dispositive as a matter of law. The tenant, on his tax returns for 1985 and 1986, declared his residence to be at a different address, i.e., his girlfriend's. Furthermore, for those years, he deducted 100% of his rent, which is claimed to be less than $200 per month, as a commercial expense. As to the former, the tenant explains that it was an accountant's error. He alleges that the accountant was retained through the girlfriend, who uses the same residential and business address. The tenant's name was included with her name, using that address, on another matter, and that the accountant inadvertently copied this address when he did tax returns for both the tenant and the girlfriend. With respect to the tax deduction, the tenant contends that he justifiably may deduct a portion of his rent, admits that he may have erred by deducting too much, but notes that the tax liability will be minor, considering his low rent. He argues that whatever ultimately transpires in a tax proceeding as to his tax liability is irrelevant to this dispute.

In April 1984, jurisdiction over nonprimary residence issues, both rent stabilization and rent control, was transferred to the courts by the Omnibus Housing Act of 1983 (L 1983, ch 403). Thus, section 2200.2 (f) (18) of the New York City Rent and Eviction Regulations (9 NYCRR 2200.2 [f] [18]) provides that nonprimary residence disputes are to be "determined by a court of competent jurisdiction." As a result, the procedural path to appellate courts has been changed from CPLR article 78 review of administrative determinations, with its more limited scope of review, to appellate review of judicial orders and judgments. In the context of motions for summary judgment, which by their nature precede fully developed evidentiary inquiries, an appellate court now has greater latitude to consider the evidence, or lack thereof, qualitatively. No longer is it under the constraint of reviewing only whether a determination has a rational basis or is supported by substantial

evidence. As such, the usual standards for resolution of motions for summary judgment apply.

Although, under the new regulatory scheme, the threshold examination of tax residence has not been reenacted as such—no longer is the filing of a New York City resident income tax return an absolute prerequisite to a claim of primary residence *(see,* New York City Rent and Eviction Regulations former § 18 [b], 1983 Amendment No. 57; Code of Rent Stabilization Association of New York City, Inc. § 54 [E])—in our opinion in *Matter of Rose Assocs. v State Div. of Hous. & Community Renewal* (121 AD2d 185) we noted the continued significance of a tenant's declaration of residence on his local tax return as a factor in determining primary residence. This issue, however, need no longer be viewed as dispositive as a matter of law, especially in the context of a motion for summary judgment.

Since summary judgment "deprives the litigant of his day in court it is considered a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues". *(Andre v Pomeroy,* 35 NY2d 361, 364.) The tenant's allegations in the present case raise a sufficient factual dispute to warrant denial of the motion for summary judgment, notwithstanding his filing of his local tax returns from a different residence for 1985 and 1986 and that he sought to deduct his entire rent as a commercial expense. It cannot be said that the landlord has carried his burden of establishing "a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case". *(Winegrad v New York Univ. Med. Center,* 64 NY2d 851, 853.) Concur—Sullivan, J. P., Carro, Wallach, Smith and Rubin, JJ.