OPINION OF THE COURT
Per Curiam.
Final judgment entered January 24, 1997 affirmed, with $25 costs.
In this holdover licensee proceeding, the record supports the jury’s determination that respondent Judith KeeblerBeretta primarily resided in the subject rent-controlled apartment at 23 Jones Street from the time of her marriage to tenant Louis Beretta in 1992 until tenant’s death in 1995, satisfying her affirmative obligation to establish succession rights (New York City Rent and Eviction Regulations [9 NYCRR] § 2204.6 [d] [1], [2]).
Respondent’s several witnesses included a neighbor from 7 Jones Street who testified that after her marriage respondent lived at 23 Jones Street. The witness regularly observed respondent going in and out of the subject building with laundry and groceries. A friend of respondent visited the apartment every few months to do repairs and saw respondent’s clothes and belongings there. Another long-time friend of the couple did not know respondent to have any other residence than 23 Jones Street, except for temporary absences due to illness. Also introduced into evidence were respondent’s marriage license and a copy of a 1992 letter she wrote informing landlord of the marriage. Although it appears that respondent did not receive all her mail at 23 Jones Street, and often used 7 Jones Street as a mailing address (two witnesses attested to security problems with the mailbox at 23 Jones Street), the paucity of documentary evidence linked to the subject apartment is not fatal to a valid succession claim where, as here, credible testimonial evidence as to respondent’s residence was presented at trial (300 E. 34th St. Co. v Habeeb, 248 AD2d 50, 55).
We find no error in the trial court’s decision not to give a “negative inference” charge with respect to respondent’s failure to introduce into evidence tax returns for the relevant period *801 (see generally, West 15th St. Assocs. v Sassoonian, 156 AD2d 137, 139). Landlord did not show that such returns even existed for the period after 1992,* and did not demand them in discovery. In any event, the trial court did charge the jury to consider not only the evidence introduced, but the lack of any evidence as well. Nor did the court err in declining to charge the jury that a married couple may maintain separate residences. This is a matter within the commonsense knowledge and experience of jurors and was addressed by landlord’s counsel in summation, as was the tax return issue.

 Tenant only testified to employment (and tax filing) in 1991 and 1992.