■ VILLAGE DEVELOPMENT ASSOCIATES, L. L. C., Appellant, v LYNN WALKER et al., Respondents. [723 NYS2d 649] —Order of the Appellate Term of the Supreme Court, First Department, entered June 19, 2000, which affirmed an order and judgment (one paper) of the Civil Court, New York County (Ruben Martino, J.), entered January 12, 1999, after a nonjury trial, dismissing the petition and awarding possession of the subject rent-controlled apartment to respondent, unanimously affirmed, without costs.

The duly credited trial evidence did not adequately support the allegations of the petition to the effect that respondent did not reside primarily in the subject rent-controlled apartment. Indeed, the evidence, including testimony respecting respondent's presence at the apartment, and documentary proof of respondent's voter registration, bank accounts, and mail received at the apartment, demonstrated that respondent maintained a substantial physical nexus with the apartment for actual living purposes (*see*, 9 NYCRR 2200.3 [j]; *300 E. 34th St. Co. v Habeeb*, 248 AD2d 50; *Cox v J.D. Realty Assocs.*, 217 AD2d 179, 184). While respondent's tax return was filed from a different address, in New Jersey, a tenant's address as designated on her tax return is merely one of many factors to be considered in determining primary residence; it is not a controlling factor (*see*, 9 NYCRR 2200.3 [j]). The consequence of such filing is a matter for the taxing authorities, not this Court. Concur—Williams, J. P., Tom, Mazzarelli, Lerner and Rubin, JJ.