[909 NE2d 62, 881 NYS2d 369]

PATRICIA A. MAHONEY-BUNTZMAN, Respondent, v AROL I. BUNTZMAN, Appellant.

Argued March 31, 2009; decided May 7, 2009

**POINTS OF COUNSEL**

*Berman Bavero Frucco & Gouz P.C.,* White Plains (*Howard Leitner* of counsel), and *Collier, Halpern, Newberg, Nolletti &*

*Bock, LLP,* for appellant. I. Because of defendant's significant contribution to the postcommencement appreciation of the EVCI stock, the stock should have been valued as of the date of commencement for purposes of equitable distribution. (*Breese v Breese,* 256 AD2d 433; *Barbuto v Barbuto,* 286 AD2d 741; *Scharfman v Scharfman,* 19 AD3d 474; *McSparron v McSparron,* 87 NY2d 275; *Grunfeld v Grunfeld,* 94 NY2d 696; *Ferraioli v Ferraioli,* 295 AD2d 268; *Trivedi v Trivedi,* 222 AD2d 499; *Price v Price,* 69 NY2d 8; *Hale v Hale,* 16 AD3d 231; *Heine v Heine,* 176 AD2d 77, 90 NY2d 753.) II. Plaintiff should not have received a credit based on marital funds used to pay maintenance to defendant's first wife. (*Johnson v Chapin,* 49 AD3d 348; *O'Brien v O'Brien,* 66 NY2d 576.) III. Plaintiff wife should not have received a credit in equitable distribution for defendant's educational expenses incurred solely during their marriage. (*Johnson v Chapin,* 49 AD3d 348.) IV. The application of the doctrine of quasi-estoppel to preclude defendant from proving that certain property was his separate property was an unprecedented extension of that doctrine. (*Zemel v Horowitz,* 11 Misc 3d 1058[A], 2006 NY Slip Op 50276[U]; *Naghavi v New York Life Ins. Co.,* 260 AD2d 252.)

*Farrauto & Berman,* Yonkers (*John P. Farrauto* of counsel), and *Gretchen Mullins Kim, P.C.* (*Gretchen Mullins Kim* of counsel), for respondent. I. The trial court's decision as to the valuation dates to be used for equitable distribution of appellant's EVCI stock and options was not erroneous. (*McSparron v McSparron,* 87 NY2d 275, 88 NY2d 916; *Greenwald v Greenwald,* 164 AD2d 706, 78 NY2d 855; *Grunfeld v Grunfeld,* 94 NY2d 696, 96 NY2d 894; *Breese v Breese,* 256 AD2d 433; *Barbuto v Barbuto,* 286 AD2d 741; *Scharfman v Scharfman,* 19 AD3d 474; *Price v Price,* 69 NY2d 8; *Filkins v Filkins,* 303 AD2d 934; *Murphy v Murphy,* 193 AD2d 1068; *Soule v Soule,* 252 AD2d 768.) II. The Appellate Division properly reversed the trial court's decision not to credit respondent with one half of the monies paid during the marriage by appellant as maintenance to appellant's first wife. (*Dewell v Dewell,* 288 AD2d 252; *Micha v Micha,* 213 AD2d 956; *Gaccione v Gaccione,* 212 AD2d 574; *Jonas v Jonas,* 241 AD2d 839; *Feldman v Feldman,* 204 AD2d 268; *Newman v Newman,* 35 AD3d 418; *Markopoulos v Markopoulos,* 274 AD2d 457; *Carney v Carney,* 202 AD2d 907; *Johnson v Chapin,* 49 AD3d 348; *Hartog v Hartog,* 85 NY2d 36.) III. The Appellate Division properly reversed the trial court's decision not to credit respondent with one half of appellant's student loan debt. (*Corless v Corless,* 18 AD3d 493; *Helen*

*A.S. v Werner R.S.*, 166 AD2d 515; *Basos v Basos*, 243 AD2d 932; *Jonas v Jonas*, 241 AD2d 839; *Lewis v Lewis*, 6 AD3d 837; *McKeever v McKeever*, 8 AD3d 702; *Kuhn v Kuhn*, 134 AD2d 900; *Godfryd v Godfryd*, 201 AD2d 927; *Dashnaw v Dashnaw*, 11 AD3d 732; *Chamberlain v Chamberlain*, 24 AD3d 589.) IV. The trial court and the Appellate Division properly determined that the doctrine of estoppel against inconsistent positions and/or quasi-estoppel barred appellant from asserting that the $1.8 million received during the marriage was from his sale of stock owned prior to the marriage. (*Zemel v Horowitz*, 11 Misc 3d 1058[A], 2006 NY Slip Op 50276[U]; *Naghavi v New York Life Ins. Co.*, 260 AD2d 252; *Di Costanzo v Allstate Ins. Co.*, 68 AD2d 834, 50 NY2d 832; *Thomas v Scutt*, 127 NY 133; *Braten v Bankers Trust Co.*, 60 NY2d 155; *Price v Price*, 69 NY2d 8; *Ford Motor Credit Co. v Colonial Funding Corp.*, 215 AD2d 435; *Environmental Concern v Larchwood Constr. Corp.*, 101 AD2d 591; *Crespo v Crespo*, 309 AD2d 727; *Perkins v Perkins*, 226 AD2d 610.)

### OPINION OF THE COURT

PIGOTT, J.

In this divorce action, we are asked to resolve several equitable distribution issues. For the reasons that follow, we hold that plaintiff wife is not entitled to a 50% credit for payments made during the marriage towards defendant's maintenance obligation to his first wife nor for payments made towards husband's student loan, and thus we modify.

The parties were married in New York on September 24, 1993 and have two daughters. Wife has an adult child from a previous relationship. Husband was married once before, and has two adult children from that marriage. Pursuant to a divorce judgment, husband was obligated to pay his first wife maintenance.

During the present marriage, husband and another individual formed Educational Video Conferencing Inc. (EVCI), a New York corporation that went public in 1999. At the time of the instant action, husband owned a number of shares and options of EVCI stock, all of which were acquired during marriage.

Prior to his marriage to plaintiff, husband had an interest in Arol Development Corporation (ADC), a real estate development company he founded with his father in 1971. In 1983, husband founded another company, Big Apple Industrial Buildings, Inc., 80% of which he sold to ADC in 1989. In 1998,

husband entered into an agreement with his father whereby he agreed to relinquish his stock ownership in both corporations in exchange for a lump sum payment. The agreement provided that the payment would be reported on a "1099" form issued to him by the purchasing company. In order to account for the increased tax liability that husband would incur as a consequence of treating the payment as ordinary income rather than as a sale of stock, the payment was increased by 17%. This money, amounting to $1.8 million, was received by husband during the marriage and reported on the parties' joint income tax return as self-employment business income.

In May 1996, husband obtained a doctorate in education from Fordham University for which he had taken out a student loan that was repaid two years later.

On May 19, 2003, wife commenced the instant divorce action and an 18-day trial ensued.

Supreme Court granted wife a divorce on the grounds of abandonment and in a detailed decision, dated October 3, 2006, considered and distributed the various assets and debts of the parties' marriage (13 Misc 3d 1216[A], 2006 NY Slip Op 51852[U] [Sup Ct, Westchester County 2006]).

As it pertained to the EVCI stock and options, the court found that husband played a substantial role in changing the direction of the company and in its expansion. Nevertheless, the court rejected husband's claims that the appreciation in the value of the EVCI stock was due solely to his efforts, holding that there were significant contributions of others to the operations of EVCI and no evidence directly linking the increase in the value of its stock solely to husband. Consequently, the court used the date of trial for valuation purposes of the EVCI stock and options.

With respect to maintenance paid by husband to his first wife during the marriage, the court declined to give wife credit for one half of that amount. The court noted that both parties had used marital assets to assist other relatives. For instance, wife had used marital sums to provide support for her daughter and her father. The court stated "neither party may be heard to complain about the other's use of marital funds to pay for their own obligations or to aid other family members, when that approach was evidently an accepted part of their lifestyle" (2006 NY Slip Op 51852[U] at *70).

For the same reasons, the court declined to give wife a credit for monies used to repay the student loan.

Supreme Court further held that husband is estopped from arguing that the funds received from the sale of his corporate interests to his father were proceeds from the sale of stock and thus, separate property, because he had reported the funds as business income on the parties' joint tax returns. The court also noted that in his 1993 judgment of divorce from his first wife, husband represented that he owned no stock at the time.

On appeal, the Appellate Division modified the judgment of Supreme Court by, among other things, holding that wife was entitled to an equitable distribution credit of one half of the amount of court-ordered maintenance paid by husband to his former wife from marital funds (51 AD3d 732 [2008]). The court held that the maintenance obligation to his first wife constituted debt incurred by him prior to the parties' marriage and is therefore his sole responsibility. The Appellate Division also awarded wife a 50% credit—or $24,081.45—for the student debt incurred by husband during the marriage to attain his degree, concluding that because a court-appointed expert had determined that husband's advanced degree did not enhance his earnings, wife received no benefit from it, and therefore, the student loan was incurred to satisfy husband's separate property interest making the loan his sole obligation. As modified, the Appellate Division affirmed.

We granted leave (11 NY3d 706 [2008]) and now modify the order of the Appellate Division.

The Domestic Relations Law recognizes that the marriage relationship is an economic partnership. As such, during the life of a marriage spouses share in both its profits and losses. When the marriage comes to an end, courts are required to equitably distribute not only the assets remaining from the marriage, but also the liabilities. A trial court considering the factors set forth in the Domestic Relations Law has broad discretion in deciding what is equitable under all of the circumstances. Indeed, when it comes to the equitable distribution of marital property, Domestic Relations Law § 236 (B) (5) (d) (13) authorizes the trial court to take into account "any other factor which the court shall expressly find to be just and proper." Consequently, the trial court has substantial flexibility in fashioning an appropriate decree based on what it views to be fair and equitable under the circumstances.

However, during the life of any marriage, many payments are made, whether of debts old or new, or simply current expenses.

If courts were to consider financial activities that occur and end during the course of a marriage, the result would be parties to a marriage seeking review of every debit and credit incurred. As a general rule, where the payments are made before either party is anticipating the end of the marriage, and there is no fraud or concealment, courts should not look back and try to compensate for the fact that the net effect of the payments may, in some cases, have resulted in the reduction of marital assets. Nor should courts attempt to adjust for the fact that payments out of separate property may have benefitted both parties, or even the nontitled spouse exclusively. The parties' choice of how to spend funds during the course of the marriage should ordinarily be respected. Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end. With this holding in mind, we review the four issues raised on this appeal.

## Prior Maintenance

█ In this case, wife seeks to recoup money that was expended during the marriage to pay husband's obligation to his former spouse for maintenance. We hold that wife is not entitled to such recoupment. Expenditures made during the life of the marriage towards maintenance to a former spouse, as well as payments made pursuant to a child support order, are obligations that do not enure solely to the benefit of one spouse. Payments made to a former spouse and/or children of an earlier marriage, even if made pursuant to court order, are not the type of liabilities entitled to recoupment.

This is not to say that every expenditure of marital funds during the course of the marriage may not be considered in an equitable distribution calculation. Domestic Relations Law § 236 (B) (5) (d) (13) expressly and broadly authorizes the trial court to take into account "any other factor which the court shall expressly find to be just and proper" in determining an equitable distribution of marital property. There may be circumstances where equity requires a credit to one spouse for marital property used to pay off the separate debt of one spouse or add to the value of one spouse's separate property (*see e.g. Micha v Micha*, 213 AD2d 956, 957-958 [3d Dept 1995]; *Carney v Carney*, 202 AD2d 907 [3d Dept 1994]). Further, to the extent that expenditures are truly excessive, the ability of one party to claim that the other has accomplished a "wasteful dissipation of

assets" (Domestic Relations Law § 236 [B] [5] [d] [11]) by his or her expenditures provides protection. The payment of maintenance to a former spouse, however, does not fall under either of these categories.

### Student Loan

■ Nor is wife entitled to a credit for payments made during the marriage towards husband's student loan. Husband incurred the student loan during the parties' marriage, and had his degree conferred an economic benefit, wife would have been entitled to a share in its value (*see O'Brien v O'Brien*, 66 NY2d 576 [1985]). Thus, the loan, which was both incurred and fully paid for during the marriage, was a marital obligation for which responsibility was to be shared between the parties.*

### EVCI Stock

■ We further hold that the trial court providently exercised its discretion by setting the valuation date for the EVCI stock and options as the date of trial (*see generally McSparron v McSparron*, 87 NY2d 275 [1995]).

### Estoppel

■ Similarly, the trial court properly exercised its discretion when it classified the money received by husband pursuant to the settlement agreement as marital property, given the fact that husband made representations that the money was business income for tax purposes. A party to litigation may not take a position contrary to a position taken in an income tax return (*see Meyer v Insurance Co. of Am.*, 1998 WL 709854, 1998 US Dist LEXIS 15863 [SD NY 1998]; *Naghavi v New York Life Ins. Co.*, 260 AD2d 252 [1st Dept 1999]; *Zemel v Horowitz*, 11 Misc 3d 1058[A], 2006 NY Slip Op 50276[U], *5 [Sup Ct, NY County 2006]). Here, husband does not dispute that, in accordance with his settlement agreement, he reported the $1,800,000 in settlement proceeds as business income on his federal income tax return, in which he swore that the representations contained within it were true. We cannot, as a matter of policy, permit parties to assert positions in legal proceedings that are contrary to declarations made under the penalty of perjury on income tax returns.

---

* If the student loan debt was still outstanding, however, it may have been appropriate for the trial court to conclude that defendant alone was required to bear the obligation of repayment of the balance of his student loan.

Accordingly, the order of the Appellate Division should be modified, without costs, by remitting to Supreme Court for further proceedings in accordance with this opinion and, as so modified, affirmed.

Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur; Chief Judge LIPPMAN taking no part.

Order modified, etc.