*972 On June 13, 1995, judgment was entered against the defendant in a criminal action in the United States District Court for the Eastern District of Virginia (hereinafter the criminal judgment), convicting him of failure to pay legal child support obligations (see 18 USC § 228) and directing him to pay restitution in the sum of $132,718.49. That amount represented arrears in child support for periods between October 1992 and the date of the criminal judgment. The criminal judgment required that the entire amount of restitution be paid to the defendant’s first wife by July 13, 1995, one month after the entry of the criminal judgment. The defendant failed to fully satisfy the restitution component of the criminal judgment by the deadline.
The defendant thereafter remarried. Despite the defendant’s failure to secure a divorce from his second wife, the defendant and the plaintiff purportedly married four years after the criminal judgment was entered. During the purported marriage, the restitution component of the criminal judgment was satisfied. The defendant and the plaintiff also made support payments to the defendant’s first wife that became due during the purported marriage.
In 2006, the plaintiff sought an annulment of her purported marriage to the defendant, alleging that the defendant committed bigamy because he had never divorced his second wife. In 2008, the Supreme Court awarded the plaintiff an annulment, and a trial was held to determine the issue of apportionment of the putative marital debt. In a decision dated February 25, 2009, the Supreme Court explained, inter alia, that the plaintiff was entitled to a 50% credit for the marital funds used to satisfy certain premarital maintenance and child support obligations that the defendant had paid to his former wife, including the *973 amounts due under the criminal judgment. The court further explained, however, that the plaintiff was not entitled to certain other credits that she had sought. A judgment of annulment was entered in April 2009. One month later, in May 2009, the Court of Appeals held, in Mahoney-Buntzman v Buntzman (12 NY3d 415, 421 [2009]), that a spouse is not entitled to a credit for marital funds paid to a former spouse or a child pursuant to an order of maintenance or child support. Based on Mahoney-Buntzman, the Supreme Court, in an order dated December 2, 2009, granted that branch of the defendant’s motion which was, in effect, pursuant to CPLR 4404 (b) to set aside the portion of the decision reciting that the plaintiff was entitled to a credit equal to 50% of the payments made during the purported marriage to satisfy the restitution component of the criminal judgment, and it reapportioned the putative marital debt accordingly. In the same order, the Supreme Court denied the plaintiffs cross motion to set aside the portion of the decision explaining why she was not entitled to the other credits she had sought. An amended judgment was entered. The plaintiff appeals from the amended judgment, contending that the Supreme Court erred in denying her a credit for payments attributable to satisfaction of the criminal judgment and in denying her the other credits that she had sought.
In Mahoney-Buntzman, the wife sought credit for maintenance payments made to the husband’s former spouse that had become due and were paid during the wife’s marriage to the husband. In holding that such payments were not subject to recoupment by the wife, the Court of Appeals reasoned that maintenance obligations to a former spouse and to children pursuant to a support order “are obligations that do not enure solely to the benefit of one spouse” (Mahoney-Buntzman v Buntzman, 12 NY3d at 421). Nevertheless, the Court cautioned, “[t]his is not to say that every expenditure of marital funds during the course of the marriage may not be considered in an equitable distribution calculation. Domestic Relations Law § 236 (B) (5) (d) (13) expressly and broadly authorizes the trial court to take into account ‘any other factor which the court shall expressly find to be just and proper’ in determining an equitable distribution of marital property. There may be circumstances where equity requires a credit to one spouse for marital property used to pay off the separate debt of one spouse or add to the value of one spouse’s separate property” (id. at 421). The Court concluded that payment of maintenance to a former spouse was not one of those circumstances (id. at 422).
The payments made here are significantly different from *974 those at issue in Mahoney-Buntzman. In that case, as here, the wife sought credit for payments made from putative marital funds during the purported marriage. Here, however, the plaintiff seeks credit for amounts that were due and attributable to periods of time that elapsed long before the beginning of the purported marriage. Indeed, the defendant’s failure to make those payments resulted in the entry of the criminal judgment, which itself was entered long before the commencement of the purported marriage. Under the circumstances of this action for an annulment, which is based on the defendant’s bigamy, it would be inequitable for the plaintiff to be required to bear any part of the financial burden brought about by the defendant’s criminal conduct (cf. id.). Consequently, the plaintiff was entitled to a credit of 50% of the payments made during the purported marriage toward satisfaction of the criminal judgment.
The plaintiffs remaining contentions are without merit.
We, therefore, must remit the matter to the Supreme Court, Rockland County, for reapportionment of the putative marital debt after awarding the plaintiff a credit equal to 50% of the amount paid during the parties’ purported marriage to satisfy the restitution component of the criminal judgment, and the entry of an appropriate second amended judgment thereafter. Eng, EJ., Balkin, Leventhal and Chambers, JJ., concur.