[6 NYS3d 380]

Ansonia Associates Limited Partnership, Appellant, v Marieliz Unwin, Respondent, et al., Respondent.

Supreme Court, Appellate Term, First Department, April 9, 2014

## APPEARANCES OF COUNSEL

*Duane Morris LLP*, New York City (*Fran M. Jacobs* of counsel), for appellant.

*Schechter & Brucker, P.C.*, New York City (*David H. Ostwald* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

Order, entered October 11, 2013, affirmed, with $10 costs.

This nonprimary residence holdover proceeding is not ripe for summary disposition, since the parties' conflicting proof raises questions of fact as to the nature and extent of tenant's presence at and residential usage of the Manhattan stabilized apartment premises and a house rented by tenant in Claverack, New York.* While tenant readily admits that she operated a spa or "wellness" center known as Healing Excellence from the subject apartment until at least September 2011, she maintains that she also lived in the apartment "continuously" throughout her 35-year tenancy. In this regard, tenant testified at deposition and averred in her affidavit below that in recent years she generally stayed in the Manhattan apartment five nights a week, sleeping on a daybed in what during the business day had served as a therapy room; cooked her meals and kept her clothes and personal effects in the apartment; and stayed in the Claverack house only on "some weekends and holidays," a limited use which tenant's credit card and bank statements tend to bear out. The conflict as to whether the subject apartment is actually being used as tenant's primary residence should be resolved at trial, and not on summary judgment (*see Coronet Props. Co. v Adelman*, 112 AD2d 100 [1985]; *Kamvan Co. v Rammel*, 132 Misc 2d 909 [1986]; *see also Extell Belnord LLC v Uppman*, 113 AD3d 1, 12 [2013]). This is so "notwithstanding . . . that [tenant] sought to deduct [her] entire rent as a commercial expense [on her tax returns]" (*West 157th St. Assoc. v Sassoonian*, 156 AD2d 137, 139 [1989]).

---

* The Claverack house is located in Columbia County, 110 miles or so from the subject apartment.

Information contained in a tax-related document is "one of many factors to be considered in determining primary residence" (*Glenbriar Co. v Lipsman*, 11 AD3d 352, 353 [2004], *affd* 5 NY3d 388 [2005]) and is not dispositive of the primary residence issue here raised as a matter of law (*see West 157th St. Assoc. v Sassoonian*, 156 AD2d at 139; *Village Dev. Assoc. v Walker*, 282 AD2d 369 [2001]).

Landlord's reliance on *Mahoney-Buntzman v Buntzman* (12 NY3d 415 [2009]), a divorce action involving equitable distribution issues, is misplaced. While *Buntzman* stands for the general proposition that "[a] party to litigation may not take a position contrary to a position taken in an income tax return" (12 NY3d at 422), its holding cannot fairly be imported into a primary residence analysis under rent stabilization, in which "no single factor shall be solely determinative" (*see* Rent Stabilization Code [9 NYCRR] § 2520.6 [u]), or be read so broadly as to implicitly overrule the well-settled principle that a tenant's address as designated on a tax-related document is not a controlling factor in determining primary residence (*see Glenbriar Co. v Lipsman*, 11 AD3d at 353; *Village Dev. Assoc. v Walker*, 282 AD2d at 369; *West 157th St. Assoc. v Sassoonian*, 156 AD2d at 139).

We need emphasize that today's decision in no way signals our approval of the type of exploitive and manipulative tenant conduct suggested by this record, conduct appropriately described as "dismaying" (*Glenbriar Co. v Lipsman*, 5 NY3d at 394 [Rosenblatt, J., concurring]). Instead, we merely hold that the drastic remedy of summary judgment is unwarranted on the primary residence issue framed by the parties.

TORRES, J.P., SHULMAN and HUNTER, JR., JJ., concur.