■ In the Matter of Ansonia Associates Limited Partnership, Appellant, v Marieliz Unwin, Respondent, et al., Respondents. [13 NYS3d 67]—

Order of the Appellate Term of the Supreme Court, First Department, entered on or about April 9, 2014, which affirmed an order of the Civil Court, New York County (Sabrina B. Kraus, J.), entered October 11, 2013, denying petitioner's motion for summary judgment awarding it possession of the subject apartment, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Petitioner established prima facie that the apartment is not respondent's primary residence (*see* Rent Stabilization Code [9 NYCRR] § 2524.4 [c]) by submitting respondent's federal income tax returns for the years 2009, 2010, and 2011, on which she deducted the entire rent for the apartment as an expense of her S Corporation. The instructions for the federal income tax return for an S Corporation (Form 1120S) disallow the deduction of rent "for a dwelling unit occupied by any shareholder for personal use." Thus, respondent's position that the apartment is her primary residence is "contrary to declarations made under the penalty of perjury on income tax returns," i.e. that she does not occupy the apartment for personal use (*see Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]).

Respondent argues that her tax returns are not dispositive because the Rent Stabilization Code states that in determining primary residence "no single factor shall be solely determinative" (9 NYCRR 2520.6 [u]). However, we conclude that respondent may not claim primary residence because that claim is "logically incompatible" with the position she asserted on her tax returns (*see Katz Park Ave. Corp. v Jagger*, 11 NY3d 314, 317 [2008]). Respondent has made no showing that would undermine our conclusion. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.