OPINION OF THE COURT
Per Curiam.
Final judgment, entered on or about July 17, 2013, reversed, with $30 costs, and final judgment awarded to landlord on its cause of action for possession. Execution of the warrant of eviction shall be stayed for 30 days after service of a copy of this order with notice of entry.
Following a bench trial, where seven witnesses testified and substantial documentary evidence was admitted, the court dismissed the holdover petition, finding that the rent-stabilized tenant primarily resides at the subject lower Fifth Avenue stabilized apartment and not, as landlord urged, at his wife’s East 82nd Street apartment. Based largely upon the credited testimony of tenant and his witnesses, the court expressly found that tenant and his wife have a “nontraditional relationship in that they do not share a marital or familial residence . . . they in fact live separately and, thereby, happily . . . [and] that [tenant] did reside in the [subject] apartment as his primary residence.” In reaching this conclusion, the court found that the credible testimony preponderated over the inconsistent documentary evidence, particularly tenant’s tax returns, where he deducted the entire rent for the subject apartment as a business expense.
While the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court’s conclusions could not be reached under any fair interpretation of the evidence, especially when the findings of fact rest in large measure on considerations relating to the credibility of witnesses (see Claridge Gardens v Menotti, 160 AD2d 544, 544-545 [1990]; see also Thoreson v Penthouse Intl., 80 NY2d 490, *18 495 [1992]), we are constrained, by the decision of the Appellate Division, First Department, in Matter of Ansonia Assoc. L.P. v Unwin (130 AD3d 453 [2015]), decided during the pendency of this appeal, to reverse and award possession to landlord.
In Unwin, landlord moved for summary judgment in a nonprimary residence holdover proceeding, submitting, inter alia, tenant’s federal tax returns for the relevant period, on which tenant deducted the entire rent for her stabilized apartment as a business expense, and the instructions for said tax returns, which disallow any deduction of rent if the dwelling unit is occupied for personal use. Civil Court denied landlord’s motion for summary judgment, and this court affirmed, relying upon then extant First Department precedent holding that information in a tax-related document is not dispositive in determining primary residence (see West 157th St. Assoc. v Sassoonian, 156 AD2d 137, 139 [1989] [factual dispute as to tenant’s primary residence “notwithstanding . . . that he sought to deduct his entire rent as a commercial expense” on his tax returns]). However, upon a further appeal, the Appellate Division reversed. Relying, in part, upon the Court of Appeals decision in Mahoney-Buntzman v Buntzman (12 NY3d 415, 422 [2009]), which held that “[a] party to litigation may not take a position contrary to a position taken in an income tax return,” the Appellate Division granted summary judgment of possession to landlord, holding that tenant’s position that the apartment is her primary residence was “ ‘contrary to declarations made under the penalty of perjury on income tax returns,’ i.e. that she does not occupy the apartment for personal use” (Unwin at 454). These declarations were held to be “dispositive,” even though triable issues were raised as to tenant’s use of the apartment for actual living purposes, and notwithstanding that the Rent Stabilization Code provides that “no single factor shall be solely determinative” in determining primary residence (Rent Stabilization Code [9 NYCRR] § 2520.6 [u]). The Appellate Division thus concluded that tenant “may not claim primary residence because that claim is ‘logically incompatible’ with the position she asserted on her tax returns” (Unwin at 455).
In this instant case, the documentary and testimonial evidence showed, and it was not disputed, that (1) tenant deducted 100% of the rent for the subject apartment as a business expense for his company, Think Wide Productions, on his federal tax returns during the two-year Golub period (amount *19 ing to some $35,000); (2) the instructions for the tax returns (Form 1040, Schedule C) allow a deduction only for the portion of a home used “exclusively” as a place of business; and (3) the declarations in the tax returns were made under penalties of perjury.
As was true in Unwin, tenant’s position that the apartment is his primary residence is contrary to the declarations made under penalties of perjury on his income tax returns — i.e., that the apartment is used exclusively for business purposes — and is, therefore, logically incompatible with the position he asserted on his tax returns. Although prior First Department case law permitted a finding that declarations in a tenant’s tax returns are not dispositive as to primary residence, and would not preponderate over credible testimonial evidence (see West 157th St. Assoc. v Sassoonian, [declaration of residence at different address on tax returns and deduction of entire rent as business expense not dispositive as a matter of law as to primary residence]; Glenbriar Co. v Lipsman, 11 AD3d 352, 353 [2004], affd on other grounds 5 NY3d 388 [2005] [listing of out-of-state address as primary residence on tax returns not fatal to claim of primary residence in New York]; 310 E. 23rd LLC v Colvin, 41 AD3d 149 [2007] [same]; Village Dev. Assoc. v Walker, 282 AD2d 369, 369 [2001] [New Jersey address designated on tenant’s tax returns “is merely one of many factors to be considered in determining primary residence; it is not a controlling factor . . . [t]he consequences of such filing is a matter for the taxing authorities, not this Court”]; 23 Jones St. Assoc. v Keebler-Beretta, 284 AD2d 109, 109 [2001] [while documentary evidence “can be significant in determining primary residence, it is not essential, and it does not necessarily preponderate over inconsistent testimonial evidence”]; 300 E. 34th St. Co. v Habeeb, 248 AD2d 50 [1997] [same]), on these facts, and on constraint of Unwin, the tax returns are dispositive.
Lowe, III, P.J., Hunter, Jr., and Ling-Cohan, JJ., concur.