47 HK Realty, LLC, Petitioner-Landlord-Appellant,
against
Kathleen O'Leary, Respondent-Tenant-Respondent, and "John Doe" and "Jane Doe," Respondents-Undertenants.



Landlord, as limited by its brief, appeals from that portion of an order of the Civil Court of the City of New York, New York County (Anne Katz, J.), entered March 22, 2016, which denied its motion for summary judgment of possession in a holdover summary proceeding.




Per Curiam
Order (Anne Katz, J.), entered March 22, 2016, insofar as appealed from, affirmed, without costs.
This nonprimary residence holdover proceeding is not ripe for summary disposition, since the parties' conflicting proof raises questions of fact as to the nature and extent of tenant's presence at and residential usage of the subject Manhattan stabilized apartment and a house co-owned by tenant in Mountain Lakes, New Jersey. Tenant testified at deposition and averred in her affidavit below that she works in Manhattan and stayed in the subject apartment during the week, and she submitted certain documentary indicia of her primary residence in the Manhattan apartment. The conflict as to whether the subject apartment is actually being used as tenant's primary residence should be resolved at trial, and not on summary judgment (see Coronet Props. Co. v Adelman, 112 AD2d 100 [1985]; see also Extell Belnord LLC v Uppman, 113 AD3d 1, 12 [2013]), notwithstanding that tenant designated her New Jersey address on her tax returns. Tenant's address as designated in her tax returns is merely one of the many factors to be considered in determining primary residence; it is not a controlling factor (see Rent Stabilization Code [9 NYCRR] § 2520.6[u]).
Landlord vastly overstates the holding in Matter of Ansonia Assoc. L.P. v Unwin (130 AD3d 453 [2015]), in arguing that a declaration of residence on a tax return is now dispositive as a matter of law in determining primary residence. The landlord in Ansonia established that the apartment at issue in that case was not tenant's primary residence by submitting tenant's federal [*2]tax returns, which demonstrated that tenant received a substantial financial benefit by deducting the entire rent for the apartment as an expense of her S corporation, and the instructions for the returns specifically disallowed the deduction of rent for dwellings occupied by any shareholder for personal use (id. at 454). The Court found that tenant's claim of primary residence was "logically incompatible" with the position asserted on her tax returns (id. [internal citation omitted]).
However, as relevant herein, the Rent Stabilization Code expressly provides that "no single factor shall be solely determinative" of primary residence, including the "place of residence on any tax return" (see RSC [9 NYCRR] §2520.6[u][1]). In accordance with this Code provision, case law precedent in this Department holds that an address designated in a tax return is one of many factors to be considered in determining primary residence (see e.g. Glenbriar Co. v Lipsman, 11 AD3d 352, 353 [2004], affd on other grounds 5 NY3d 388 [2005]; 310 E. 23rd LLC v Colvin, 41 AD3d 149 [2007]; Village Dev. Assoc. v Walker, 282 AD2d 369 [2001]). Ansonia did not involve a tenant's declaration of residence at a different address on tax returns. Nor did Ansonia expressly overrule the prior precedent on this issue, or even cite to it. In the circumstances, Ansonia does not support landlord's claim that tenant's designation of her New Jersey house as her place of residence on her tax returns is dispositive as a matter of law as to her primary residence, so as to warrant the entry of summary judgment in landlord's favor.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur 
Decision Date: March 31, 2017