92 Cooper Assoc., LLC, Petitioner-Landlord-Respondent, 
against
Peggy Roughton-Hester a/k/a Peggy Maloof, Respondent-Tenant-Appellant.



Tenant appeals from a final judgment of the Civil Court of the City of New York, New York County (Jean T. Schneider, J.), entered on or about November 7, 2016, after a nonjury trial, which awarded possession to landlord in a holdover summary proceeding.




Per Curiam.
Final judgment (Jean T. Schneider, J.), entered on or about November 7, 2016, reversed, and a new trial ordered, with $30 costs to abide the event.
Upon the trial of this holdover proceeding based on nonprimary residence, the evidence showed, and the court found that tenant had "split her time almost evenly between" a house in Montrose, Pennsylvania, and the subject Manhattan apartment. However, in awarding possession to landlord, the court erroneously concluded that tenant's Pennsylvania voter registration and tax filings were "dispositive" on the issue of nonprimary residence, citing Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453 (2015), and Goldman v Davis, 49 Misc 3d 16 (App Term, 1st Dept 2015).
"[N]o single factor shall be solely determinative" of primary residence (Rent Stabilization Code [9 NYCRR] 2520.6[u]; see e.g. Glenbriar Co. v Lipsman, 11 AD3d 352, 353 [2004], affd on other grounds 5 NY3d 388 [2005]; Village Dev. Assoc. v Walker, 282 AD2d 369 [2001]). The cases relied upon by Civil Court involved tenants who deducted 100% of their rent as a business deduction on tax returns, a position logically incompatible with primary residence, and are therefore distinguishable (see 47 HK Realty, LLC v O'Leary, 55 Misc 3d 129[A], 2017 NY Slip Op 50384[U] [App Term, 1st Dept 2017]). No such circumstances exist in the matter at bar.
In reviewing a trial court's findings of fact following a nonjury trial, this Court's authority is as broad as that of the trial court and includes the power to render the judgment it finds warranted by the facts (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]). However, not every case lends itself to this procedure (see Pordy v Scot Serv. Co., 15 AD2d 911 [1962]). When we disregard the erroneous conclusion that the tax returns and voter registration are dispositive, the issues presented are much closer, and much would depend on the court's consideration of all relevant factors (see RSC § 2520.6[u]) and its [*2]credibility determinations (see generally New York City Hous. Auth. (Baruch Houses) v Martinez, 49 Misc 3d 135[A], 2015 NY Slip Op 51484[U] [App Term, 1st Dept 2015]). In the circumstances, the interests of justice would best be served by a new trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concur I concur
Decision Date: November 30, 2017