Shyer v Shyer (2020 NY Slip Op 06213)





Shyer v Shyer


2020 NY Slip Op 06213


Decided on October 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 29, 2020

Before: Renwick, J.P., Gesmer, Kern, Singh, JJ. 


Index No. 651109/18 595921/18 Appeal No. 12234 Case No. 2020-01334 

[*1]Catherine Shyer, as Preliminary Executrix of the Estate of Robert Shyer, Plaintiff-Respondent,
v
Christopher Shyer, et al., Defendants, Zyloware Corporation, Defendant-Appellant.
Zyloware Corporation, Third-Party Plaintiff-Appellant,
v
Catherine Shyer, Individually, Third-Party Defendant-Respondent.


Kennedy Berg LLP, New York (James W. Kennedy of counsel), for appellant.
Farrell Fritz, P.C., New York (Kevin P. Mulry of counsel), for respondent.



Order, Supreme Court, New York County (Joel M. Cohen, J.), entered January 28, 2020, which, insofar as appealed from, denied defendant Zyloware Corporation's motion for partial summary judgment, unanimously modified, on the law, to grant the motion to declare that Robert Shyer sold 21 shares to Zyloware between 2014 and 2016 and that he owned a maximum of 35.15 Zyloware shares when he died, and otherwise affirmed, without costs.
In the summer of 2014, 2015, and 2016, Zyloware exercised its option to buy seven of Robert Shyer's shares each year; it paid for each purchase over the course of 12 months. In the spring of 2015, 2016, and 2017, Mr. Shyer and his wife, plaintiff Catherine Shyer, filed joint tax returns for 2014, 2015, and 2016. Each tax return says they sold seven shares of Zyloware, lists the selling price, and treats the portion of the selling price that fell within a particular calendar year as capital gains.
In the instant action, Mrs. Shyer claims that her late husband never transferred title to the 21 option shares and that his estate therefore owns 56.15 shares. However, "[a] party to litigation may not take a position contrary to a position taken in an income tax return" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]). Having declared under penalty of perjury on her joint tax returns that she and her husband sold seven shares in each of 2014, 2015, and 2016, Mrs. Shyer may not now take the position that they never sold the shares at issue.
In its motion, Zyloware also sought a declaration that plaintiff could not contest the accountant's calculation of the option price. However, the fact that a party "attested to the amounts declared in his . . . tax returns does not amount to a concession that said
amounts were justified. The tax returns simply represent the amounts that were in fact received by plaintiffs in the subject year" (Corrente v Pollack, 2013 WL 230377, *4, 2013 NY Misc LEXIS 2770, *11 [Sup Ct, NY County 2013]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 29, 2020