Kalaijian v Grahel Assoc., LLC (2021 NY Slip Op 02281)





Kalaijian v Grahel Assoc., LLC


2021 NY Slip Op 02281


Decided on April 14, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 14, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
PAUL WOOTEN, JJ.


2018-14114
 (Index No. 622727/17)

[*1]Stephan Kalaijian, respondent,
v
Grahel Associates, LLC, et al., appellants.


The DeIorio Law Group, PLLC, Rye Brook, NY (Patrick V. DeIorio of counsel), for appellants.
Twomey, Latham, Shea, Kelley, Dubin & Quartararo, LLP, Riverhead, NY (Kathryn M. Dalli of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, for declaratory relief and to recover damages for breach of fiduciary duty, the defendants appeal from an order of the Supreme Court, Suffolk County (Jerry Garguilo, J.), dated November 27, 2018. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment on the cause of action for a judgment declaring that he holds a 49% ownership interest in the defendant Grahel Associates, LLC.
ORDERED that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making the appropriate declaration in accordance herewith.
The defendant Grahel Associates, LLC (hereinafter Grahel), is in the business of owning and leasing certain real property in Queens. Although there is no written partnership operating agreement, the plaintiff contends that he and Richard Grace, who was the sole owner of the defendant R. A. Grace Holding Corp. (hereinafter Grace Corp.), and is now deceased, agreed in 2006 that the plaintiff would have a 49% ownership interest in Grahel, and Grace Corp. would hold a 51% ownership interest in that entity. In or around the spring of 2017, Richard Grace disputed the plaintiff's ownership interest in Grahel. After Richard Grace's death later that year, his wife, Barbara Grace, became the sole owner of Grace Corp. and claimed that Grace Corp. was the sole owner of Grahel.
After the plaintiff did not receive his November 2017 distribution of profits, he commenced this action, inter alia, for a judgment declaring that he holds a 49% ownership interest in Grahel, and thereafter moved, among other things, for summary judgment on that cause of action. The Supreme Court granted that branch of the plaintiff's motion. The defendants appeal.
The plaintiff, in support of his motion, submitted Schedule K-1 tax documents and tax returns for Grahel for the year 2006, which stated that the plaintiff's "share of profit, loss, and capital" was 0% at the beginning of that year and 49% at the end of that year. The 2006 partnership tax return for Grahel also stated that the plaintiff made a capital contribution to Grahel in the sum [*2]of $178,226. The plaintiff's 49% interest in Grahel was also expressly reflected in the Schedule K-1 and partnership tax returns for 2007 through 2015.
"A party to litigation may not take a position contrary to a position taken in an income tax return" (Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422). The evidence submitted by the plaintiff, together with his supporting affirmation, demonstrated that since 2006, he held a 49% ownership interest in Grahel, thereby establishing his prima facie entitlement to judgment as a matter of law on the declaratory judgment cause of action. In opposition, the defendants, bound by the representations made in the partnership tax returns (see Czernicki v Lawniczak, 74 AD3d 1121, 1125), failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment declaring that he holds a 49% ownership interest in Grahel.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the plaintiff holds a 49% ownership interest in Grahel (see Lanza v Wagner, 11 NY2d 317).
DILLON, J.P., AUSTIN, BARROS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court