Matter of One Double Nine Dashing LLC v New York City Loft Bd. (2022 NY Slip Op 07161)

Matter of One Double Nine Dashing LLC v New York City Loft Bd.

2022 NY Slip Op 07161

Decided on December 15, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 15, 2022

Before: Webber, J.P., Friedman, González, Mendez, JJ. 

Index No. 160100/20 Appeal No. 16890 Case No. 2022-00446 

[*1]In the Matter of One Double Nine Dashing LLC, Petitioner-Appellant,
v
The New York City Loft Board, et al., Respondents-Respondents.

Kucker Marino Winiarsky & Bittens LLP, New York (Jason M. Frosch of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (D. Alan Rosinus, Jr. of counsel), for The New York City Loft Board, respondent.
Robert Petrucci, New York, for Stavit Allweis, Nachshon Peleg and Ria Katz, respondents.

Determination of respondent New York City Loft Board, dated September 19, 2019, which, after a hearing, granted respondents Stavit Allweis and Nachshon Peleg's (respondent tenants) application for protected occupancy status under Multiple Dwelling Law article 7-C (the Loft Law) and an order deeming the adjoining rear hallway to be a part of the subject unit, unanimously annulled, on the law and the facts, without costs, and the petition brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Arthur Engoron, J.], entered December 2, 2021), granted and the application of respondent tenants denied.
The Loft Board's determination that respondent tenants were entitled to protected occupancy status was arbitrary and capricious and not supported by substantial evidence. Like the rent stabilization laws, the Loft Law requires the tenant to occupy the unit in question as their primary residence (see generally Matter of Lower Manhattan Loft Tenants v New York City Loft Bd., 66 NY2d 298, 303-306 [1985]; BLF Realty Holding Corp. v Kasher, 299 AD2d 87, 93-94 [1st Dept 2002]). Here, respondent tenants' deductions of their rent as business expenses in their personal and S-Corporation tax returns precluded them from claiming that they were occupying the unit as their primary residence (see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453, 454 [1st Dept 2015]; Goldwater v Amicus Assoc. L.P., 168 AD3d 405, 405-406 [1st Dept 2019]).
The Loft Board's determination that the rear hallway was a part of the subject unit was not supported by substantial evidence. The hallway was connected to the building's mechanical room and elevator, and the original lease states that the subject unit only encompasses the "Second Floor Loft" and that common areas, doors, and hallways must remain unobstructed. Respondent tenants' use of the hallway for storage of personal items was not dispositive.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 15, 2022