United Hay, LLC v Harounian (2023 NY Slip Op 00642)

United Hay, LLC v Harounian

2023 NY Slip Op 00642

Decided on February 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 07, 2023

Before: Renwick, J.P., Gesmer, Moulton, Kennedy, Mendez, JJ. 

Index No. 657310/17 Appeal No. 17255-17256 Case No. 2022-01139, 2022-02074 

[*1]United Hay, LLC, Plaintiff-Respondent,
v
Jacob Harounian, Defendant-Appellant.

Todd C. Steckler, Oceanside, for appellant.
Pryor Cashman LLP, New York (William L. Charron of counsel), for respondent.

Order, Supreme Court, New York County (Joel M. Cohen, J.), entered February 1, 2022, which to the extent appealed from as limited by the briefs, granted plaintiff's motion to dismiss defendant's estoppel and waiver affirmative defenses, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered May 4, 2022, which upon defendant's letter notice of exception, confirmed the Special Referee's determination that certain discovery related to his dismissed estoppel defense and thus, was irrelevant and not discoverable, unanimously dismissed, without costs, as taken from an order not appealable as of right.
Plaintiff United Hay, LLC commenced this conversion action seeking to recover $5 million that defendant improperly transferred, from the LLC's account, into his personal account, without the LLC's members' consent. In his answer, defendant asserts, among other things, the affirmative defenses of tax estoppel and waiver based on allegations that the LLC had reported the $5 million as a proper distribution in its tax returns.
Defendant articulates no persuasive basis to disturb Supreme Court's dismissal of his tax estoppel and waiver affirmative defenses (see generally Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; Matter of Professional Staff Congress-City Univ. of N.Y. v New York State Pub. Empl. Relations Bd., 7 NY3d 458, 465 [2006]; CPLR 3211[b]). Defendant's theory of tax estoppel is that plaintiff categorized the transfer at issue as a distribution on its first amended 2014 partnership income tax return and its claim of mistake, as averred to by its managing member, and its subsequent amendment of that return, to recharacterize the transfer as an exchange, were suspect. Defendant cites no support for his implicit position, that tax filings containing sworn statements that have been substantively altered by amendment can serve as the basis for tax estoppel, and no other record evidence supports his theory that the transfer was a distribution to him. Defendant's reliance on the K-1 schedules is unavailing because those forms were not signed, and thus cannot serve as a basis for tax estoppel (e.g. Tradesman Program Mgrs., LLC v Doyle, 202 AD3d 456, 457 [1st Dept 2022]). Defendant cites no unambiguous evidence of an intentional relinquishment of plaintiff's right to recover the funds transferred by him.
We do not consider defendant's argument that Supreme Court erred in deeming moot its prior determination that had permitted discovery on tax estoppel, because the court's decision was not memorialized in an order, and thus is not appealable as of right (see CPLR 5701[a]). We dismiss defendant's appeal from Supreme Court's order denying his letter notice of exception to the Special Referee's discovery decision because that order did not decide a motion made upon notice, and thus was not appealable as of right (see CPLR 5701[a][2]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION[*2], FIRST DEPARTMENT.
ENTERED: February 7, 2023