352-354 W. 48th St. Hous. Dev. Fund Corp. v Tineo (2024 NY Slip Op 50286(U))

[*1]

352-354 W. 48th St. Hous. Dev. Fund Corp. v Tineo

2024 NY Slip Op 50286(U)

Decided on March 19, 2024

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 19, 2024
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: Tisch, J.P., James, Perez, JJ.

571176/23

352-354 West 48th Street Housing Development Fund Corporation, Petitioner-Landlord-Appellant,
against
Claribelle Tineo, Respondent-Tenant-Respondent, and Sophia Montalvan and "Jane Doe,", Respondents-Occupants-Respondents.

Petitioner-landlord, as limited by its briefs, appeals from so much of an order of the Civil Court of the City of New York, New York County (Clifton A. Nembhard, J.), dated May 29, 2020 which denied its motion for summary judgment of possession, granted respondents' cross motion to amend their answer, and directed petitioner to produce stipulated discovery in a holdover summary proceeding.

Per Curiam.
Order (Clifton A. Nembhard, J.), dated May 29, 2020, modified to deny respondents' motion for leave to amend their answer; as modified, order affirmed, with $10 costs.
This holdover proceeding is not susceptible to summary disposition, since triable issues are raised as to respondent Tineo's primary residence at the subject HDFC apartment. Generally speaking, a "conflict as to where the primary residence really is should be resolved at trial. This is especially the case where there is some evidence that the person claiming [primary residence] rights had an occupancy interest somewhere else during the relevant time period" (Extell Belnord LLC v Uppman, 113 AD3d 1, 12 [2013][internal quotation marks and citation omitted]). Contrary to landlord's argument, respondent Tineo's filing of income taxes from a Highland Mills, New York address is not dispositive as a matter of law on the issue of primary residence, especially in the context of a motion for summary judgment (see 47 HK Realty, LLC v O'Leary, 55 Misc 3d 129[A], 2017 NY Slip Op 50384[U] [App Term, 1st Dept 2017]; see also 310 E. 23rd [*2]LLC v Colvin, 41 AD3d 149 [2007]; Glenbriar Co. v Lipsman, 11 AD3d 352, 353 [2004], affd on other grounds 5 NY3d 388 [2005]; cf. Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453 [2015]). Furthermore, Tineo offered explanations for the documentary evidence linking her to the Highland Mills, New York property. Resolution of the fact and credibility issues raised by the parties' submissions requires resolution by trial (see Extell Belnord LLC v Uppman, 113 AD3d at 12; West 157th St. Assoc. v Sassoonian, 156 AD2d 137 [1989]; Coronet Props. Co. v Adelman, 112 AD2d 100 [1985]).
However, the Court should have denied respondents' motion to amend their answer to add the affirmative defense of waiver as the proposed amendment is devoid of merit (see Kapitus Servicing, Inc. v MS Health, Inc., 216 AD3d 459, 460 [2023]). Waiver is unavailing because the proprietary lease requires a "writing expressly approved by the Directors," and no such writing was alleged here (see Wind Point Partners VII-A, L.P. v Hoya Corp., 185 AD3d 478, 478-479 [2020]). Waiver cannot be inferred "to frustrate the reasonable expectations of the parties embodied in a lease when they have expressly agreed otherwise" (Jefpaul Garage Corp. v Presbyterian Hosp. in City of NY, 61 NY2d 442, 446 [1984]). 
To the extent that the order sua sponte ordered petitioner to turn over certain discovery, that portion of the order is not appealable as of right (see CCA 1702[a][2]; Sholes v Meagher, 100 NY2d 333, 335 [2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: March 19, 2024