Amicus Assoc., LP v Boeskov (2026 NY Slip Op 50326(U))

[*1]

Amicus Assoc., LP v Boeskov

2026 NY Slip Op 50326(U) [88 Misc 3d 131(A)]

Decided on March 17, 2026

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on March 17, 2026
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: James, P.J., Tisch, Perez, JJ.

571336/25

Amicus Associates, LP,
Petitioner-Landlord-Respondent, 
againstJakob Boeskov, Respondent-Tenant-Appellant, and "John Doe" and
"Jane Doe,", Respondents-Occupants.

Tenant appeals from an order of the Civil Court of the City of New York, New York County
(Daniele Chinea, J.), dated September 26, 2025, which granted landlord's motion for summary
judgment of possession, and dismissed tenant's counterclaims in a holdover summary
proceeding.

Per Curiam.
Order (Daniele Chinea, J.), dated September 26, 2025, affirmed, with $10 costs. 
A tenant is entitled to "continued occupancy" of an interim multiple dwelling, "provided that
the unit is their primary residence" (Multiple Dwelling Law § 286 [2] [i]). Moreover, "[a]
party to litigation may not take a position contrary to a position taken in an income tax return"
(Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; see Goldwater v Amicus Assoc. L.P.,
168 AD3d 405 [2019]).
On its motion for summary judgment in this 2023 holdover proceeding, landlord established
prima facie that the subject premises, Unit 207 at 83 Canal Street, is not tenant's primary
residence. Landlord submitted Schedule E of tenant's 2022 federal income tax return, on which
tenant reported $96,000 in income from renting the subject unit for 362 "fair rental days," and 0
"personal use days," and that he deducted expenses of $46,217 (see Matter of Ansonia Assoc., L.P. v
Unwin, 130 AD3d 453, 454 [2015]). The instructions for 2022 Schedule E of a federal
tax return state that a day of personal use is any day the unit is used by the filer or family member
for "personal purposes." The instructions further provide that all expenses cannot be [*2]deducted if the unit is both rented out and used for personal
purposes. Thus, tenant's position that the unit is his primary residence is "contrary to declarations
made under the penalty of perjury on income tax returns," i.e. that he did not utilize the unit at all
for personal purposes during the 2022 calendar year and, instead, rented it out for fair market
value for 362 days (Matter of Ansonia Assoc., L.P. v Unwin, 130 AD3d at 454).
Although no single factor shall be solely determinative in determining primary residence,
tenant may not claim primary residence because the claim is "logically incompatible" with the
position he asserted on his federal income tax return (id. at 454; see Katz Park Ave Corp. v
Jagger, 11 NY3d 314, 317 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concurDecision Date: March 17, 2026