## (January 19, 1966)

■ LAKE LOUISE MARIE COMMUNITY ASSOCIATION, INC., et al., Appellants, v. LAKE LOUISE MARIE CORP. et al., Defendants, and FUN & FROLIC CLUB, INC., Respondent.— *Per Curiam.* In an action under article 15 of the former Real Property Law it is required that the complaint " describe the property claimed with common certainty, by setting forth the name of the township or tract and the number of the lot, if there is any, or in some other appropriate manner". (Real Property Law, § 502, subd. 2.) When a notice of pendency of action is filed after the effective date of CPLR (see 10003), the complaint must be filed therewith (CPLR 6511, subd. [a]) and, obviously, the property described in the notice, which must contain " a description of the property affected " by the action (CPLR 6511, subd. [b]), must be the property, or a specific part of it, described in the complaint, since the complaint alone determines the right of the party to file a notice of pendency against the particular parcel. In this case, neither the complaint nor the supplemental complaint describes any property " with common certainty " or otherwise as required by subdivision 2 of section 502 but each does refer to a " declaration " concerning some 98 lots, as shown on a certain map, which are individually owned by a large number of the plaintiffs, and perhaps other parties, and which clearly do not constitute the property to which the notice of pendency (directed to " all the above-named corporate defendants ") is intended to apply. The map is not before us. There are references, also, to a lake, beach, swimming pool area and recreational facilities which are not described in the complaint, supplemental complaint or notice of pendency except, perhaps, by reference to one or more recorded instruments which, as has been noted, describe little or nothing, and except, perhaps, by reference to a deed conveying a number of parcels and excepting many other parcels, and which deed is not referred to in the notice of pendency of action, seems not to include the lake allegedly owned by one of the corporate defendants, and is said to describe the pool area and recreational facilities owned by another corporate defendant, if only as exceptions from the property conveyed; but, as we would emphasize, no reference to this deed appears in the notice of pendency. Perhaps a minute title search would winnow from the hodgepodge properly and improperly referred to in appellants' brief some portions thereof identifiable as the corporate defendants' properties to which the notice is intended to be addressed; but certainly the statute does not contemplate the necessity of so laborious a task of identification. In fairness, plaintiffs should be afforded an opportunity to apply within 20 days to Special Term for leave to serve an amended complaint and to file an amended notice of pendency of action which shall adequately describe the property intended to be affected thereby. (See CPLR 6511, subds. [a], [b]; Real Property Law, § 502, subd. 2, now Real Property Actions and Proceedings Law, § 1515, subd. 2.) Order modified, on the law and the facts, in accordance herewith, and as so modified, affirmed, without costs. Settle order. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.