■ EDWARD TANZINI et al., Plaintiffs, v SUNSET BEACH

PROPERTY OWNERS ASSN., INC., et al., Defendants. EDWARD TANZINI et al., Respondents, v RICHARD T. EDWARDS et al., Appellants. [600 NYS2d 522] —Judgment unanimously reversed on the law without costs and complaint dismissed. Memorandum: Supreme Court erred in ordering defendants Richard and Shirley Edwards to execute documents necessary to transfer title of lot 35 to plaintiffs. The Edwardses, as good faith purchasers for value whose deed was first recorded, are entitled to possession of lot 35 (see, Real Property Law § 291). Plaintiffs failed to prove that the Edwardses had actual notice of plaintiffs' claim to the ownership of lot 35. We disagree with Supreme Court's conclusion that a notice of pendency filed by a third party in connection with his lawsuit against the grantor gave the Edwardses constructive notice of plaintiffs' claim. That lawsuit involved a third party's claim to lots 31, 32, and 33 and did not assert a claim against lot 35, the property purchased by the Edwardses (cf., Lake Louise Marie Community Assn. v Lake Louise Marie Corp., 25 AD2d 475). Consequently, that notice of pendency did not put the Edwardses on notice that there was a claim against lot 35. (Appeal from Judgment of Supreme Court, Cayuga County, Contiguglia, J.—RPAPL article 15.) Present—Callahan, J. P., Balio, Doerr, Boomer and Boehm, JJ.