■ ISLAND CONDO MANAGEMENT CORP., Respondent, v KATAN GARDENS CONDOMINIUM, Defendant, and VALERIE FLEGAR et al., Appellants. [671 NYS2d 1014] —In an action, *inter alia,* to recover damages for tortious interference with a contract, (1) the defendant Dome Property Management, Inc., appeals from so much of an order of the Supreme Court, Richmond County (Sangiorgio, J.), dated November 19, 1996, as denied its motion pursuant to CPLR 3211 to dismiss the complaint insofar as asserted against it, (2) the defendants Valerie Flegar and Cindy Zajac Lefkowitz appeal, as limited by their brief, from so much

of the same order as denied the branches of the cross motion of the defendants Katan Garden Condominium, Valerie Flegar, and Cindy Zajac Lefkowitz which were for summary judgment dismissing the complaint insofar as asserted against the defendants Flegar and Lefkowitz, and (3) the defendant Patricia LaRosa appeals from the same order.

Ordered that the appeal of Patricia LaRosa is dismissed for failure to perfect the same in accordance with the rules of this Court (22 NYCRR 670.8); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the motion of the defendant Dome Property Management, Inc., for dismissal of the complaint insofar as asserted against it and substituting therefor a provision granting that motion; as so modified, the order is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the appellant Dome Property Management, Inc., payable by the respondent.

The defendant Dome Property Management, Inc. (hereinafter Dome), correctly contends that the second cause of action asserted against it to recover damages based upon a claim that it conspired to appropriate improperly an account should have been dismissed. That cause of action sounded in civil conspiracy, and New York does not recognize civil conspiracy as an independent cause of action (*see, Plymouth Drug Wholesalers v Kirschner,* 239 AD2d 479). We also agree that so much of the third cause of action as sought to recover damages for tortious interference with a contract should have been dismissed insofar as asserted against Dome, as the plaintiff failed to present evidence that Dome intentionally induced the defendant Katan Gardens Condominium to breach the subject contract (*see, Kronos, Inc. v AVX Corp.,* 81 NY2d 90, 94).

The trial court properly denied the branches of the cross motion of the defendants Katan Gardens Condominium, Valerie Flegar, and Cindy Zajac Lefkowitz which were for summary judgment dismissing the complaint insofar as asserted against Flegar and Lefkowitz. There are triable issues of fact which preclude summary judgment regarding whether those defendants acted for the primary purpose of interfering with the performance of the contract (*see,* Restatement [Second] of Torts § 766, comment *j*), or whether they acted in good faith as part of their respective duties as board members of the defendant Katan Gardens Condominium. Rosenblatt, J. P., Miller, Thompson and Santucci, JJ., concur.