■ J. MICHAEL P. McGAHEY et. al., Respondents, v IVAN C. TOPPING, as Executor of FRED C. TOPPING, Deceased, et al., Defendants, and LISA BRODER et al., Appellants. [682 NYS2d 223] —In an action pursuant to RPAPL article 15, the defendants Lisa Broder, Mitchell Broder, C.P.A., Smith Barney Prototype Profit Sharing Plan, and M&M, L. L. C., appeal from an order of the Supreme Court, Suffolk County (Berler, J.), dated March 20, 1998, which denied their motion to dismiss the complaint insofar as asserted against them.

Ordered that the order is modified by (1) deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the complaint insofar as asserted against the defendants Lisa Broder, Mitchell Broder, C.P.A., and Smith Barney Prototype Profit Sharing Plan, and substituting therefor a provision granting that branch of the motion, and (2) deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the third cause of action insofar as asserted against the defendant M&M, L. L. C., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements, the third cause of action is dismissed insofar as asserted against the defendant M&M, L. L. C., the complaint is dismissed insofar as asserted against the defendants Lisa Broder, Mitchell Broder, C.P.A., and Smith Barney Prototype Profit Sharing Plan, and the action against the remaining defendants is severed.

The Supreme Court properly concluded that the complaint satisfied the pleading requirements of RPAPL 1515 (2) in that it described the property at issue with "common certainty" (*cf., Concerned Citizens v State of New York,* 140 AD2d 842, 843; *Lake Louise Marie Community Assn. v Lake Louise Marie Corp.,* 25 AD2d 475).

However, the complaint failed to state a cause of action to recover damages either for slander of title (*see, Brown v Bethlehem Terrace Assocs.,* 136 AD2d 222) or fraud (*see,* CPLR 3016 [b]; *Schomaker v Pecoraro,* 237 AD2d 424). Furthermore, New

York does not recognize civil conspiracy to commit a tort as an independent cause of action (*see, Island Condo Mgt. Corp. v Katan Gardens Condominium,* 250 AD2d 816; *Rivera v Greenberg,* 243 AD2d 697; *Truong v AT&T,* 243 AD2d 278). Therefore, the third cause of action, which purports to assert those three claims, must be dismissed as against all the appellants.

Furthermore, the appellants Lisa Broder, Mitchell Broder, C.P.A., and Smith Barney Prototype Profit Sharing Plan claim no interest in the real property which is the subject of this action, having conveyed any interest they had to the appellant M&M, L. L. C., prior to the commencement of the action. Predecessors in title who claim no interest in the property are neither necessary nor proper parties to an action to quiet title (*see, Berman v Golden,* 131 AD2d 416; *Brothers v Wall,* 84 AD2d 923). Accordingly, the complaint is dismissed in its entirety as to those appellants.

The plaintiffs' remaining contention is without merit. O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.