# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

750

CA 13-01410

PRESENT: SMITH, J.P., CENTRA, CARNI, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF PAUL KAIRIS,
PETITIONER-APPELLANT,

V                                          MEMORANDUM AND ORDER

HAROLD D. GRAHAM, SUPERINTENDENT, AUBURN
CORRECTIONAL FACILITY, RESPONDENT-RESPONDENT.

---

PAUL KAIRIS, PETITIONER-APPELLANT PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Cayuga County (Mark H. Fandrich, A.J.), entered March 7, 2013 in a proceeding pursuant to CPLR article 78. The order denied petitioner's motion to vacate a judgment entered September 27, 2011 and an order entered May 7, 2012.

It is hereby ORDERED that said appeal from the order insofar as it denied leave to reargue is unanimously dismissed and the order is affirmed without costs.

Memorandum: Petitioner was previously determined, following a tier II hearing, to be guilty of violating certain inmate rules and, according to petitioner, his administrative appeal of the determination was "lost." Petitioner thereafter commenced this CPLR article 78 proceeding contending, inter alia, that respondent had failed to decide his administrative appeal. Supreme Court dismissed the petition by judgment entered in September 2011 (judgment). Petitioner's appeal from the judgment was dismissed by this Court. Petitioner moved pursuant to CPLR 5015 for relief from the judgment based on, inter alia, newly discovered evidence and, by order entered in May 2012, the court denied that motion. Petitioner did not take an appeal from that order, but again moved to vacate the judgment, as well as the order, "upon the grounds of newly discovered evidence." The court treated petitioner's motion as one for leave to reargue and renew his prior motion (*see* CPLR 2221 [d], [e]), and the order denying that motion is the subject of this appeal.

As a preliminary matter, we note that it is "well settled that no appeal lies from an order denying a motion [for leave] to reargue" (*Hilliard v Highland Hosp.*, 88 AD3d 1291, 1292-1293), and we therefore dismiss the appeal from the order to that extent.

"[A] motion for leave to renew must be 'based upon new facts not offered on the prior motion that would change the prior 'determination' " (*Heltz v Barratt*, 115 AD3d 1298, 1299).  "[A] motion for leave to renew 'is not a second chance freely given to parties who have not exercised due diligence in making their first factual presentation' " (*id.* at 1300).  Here, petitioner failed to present any new facts sufficient to support a motion pursuant to CPLR 2221 (e). Contrary to petitioner's contention, he did not identify a new fact by noting that a copy of his affidavit submitted to the Hearing Officer at the tier II hearing was not appended to the answer to the petition. Indeed, the court specifically stated that it had received the "missing affidavit" prior to issuing its judgment.  Contrary to petitioner's further contention, he did not identify a new fact by noting that a significant portion of testimony was missing from one of the transcripts.  Petitioner had previously raised a mere variation of that point in his reply to the answer.  We therefore agree with respondent that petitioner offered no basis for the court to "change [its] prior determination" (CPLR 2221 [e] [2]).

Entered:  June 20, 2014                    Frances E. Cafarell
                                           Clerk of the Court