◼ In the Matter of THOMAS ELMEZZI, Deceased. STEPHEN J. SAFT et al., Respondents; ENRIQUE C. MOLINA, Appellant. [3 NYS3d 62]—

In a probate proceeding in which Stephen J. Saft, Lynn Grossman, and Alfred LaRosa, the coexecutors of the estate of Thomas Elmezzi, petitioned pursuant to SCPA 2103 to discover and recover property alleged to belong to the estate, Enrique C. Molina appeals from so much of an order of the Surrogate's Court, Nassau County (McCarty III, S.), dated February 1, 2013, as denied his motion for summary judgment dismissing the petition insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The decedent Thomas Elmezzi died on October 3, 2005. The coexecutors of the decedent's estate petitioned pursuant to SCPA 2103 to discover and recover substantial property allegedly held by the respondent Enrique C. Molina, which belongs to the decedent's estate. Molina moved for summary judgment dismissing the petition insofar as asserted against him. The Surrogate's Court, inter alia, denied Molina's motion.

"SCPA 2103, which authorizes a discovery proceeding, provides that '[a] fiduciary may present to the court which has jurisdiction over the estate a petition showing . . . that any property . . . or the proceeds or value thereof which should be paid or delivered to him [or her] is . . . in the possession or control of a person who withholds it from him [or her]' " (*Matter of Hersh*, 109 AD3d 991, 994 [2013], quoting SCPA 2103 [1] [a]; *see Matter of Rokeach*, 101 AD3d 1022, 1024 [2012]).

" 'Property,' as used in [SCPA 2103], is defined to 'include any and all personal or real property in which decedent had any interest, including choses in action' " (*Matter of Rokeach*, 101 AD3d at 1024, quoting SCPA 2103 [2]).

Contrary to Molina's contention, he failed to establish his prima facie entitlement to judgment as a matter of law based on the application of Mexican law. On this record, Molina failed to establish, prima facie, that certain Mexican law applied to the circumstances of this case, that it barred the petitioners' specific claims, and that he was therefore entitled to summary judgment dismissing the petition insofar as asserted against him.

Molina also failed to establish his prima facie entitlement to judgment as a matter of law under the doctrine of tax estoppel. "A party to litigation may not take a position contrary to a position taken in an income tax return" (*Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]). Molina contends that the petitioners are estopped from claiming the subject property because the decedent did not identify on his tax returns his interests in the property he allegedly owned, or report related capital gains. However, in support of his motion, Molina failed to establish, prima facie, that, under the circumstances of this case and given the nature of the decedent's alleged ownership interest in the subject property, the decedent, at any given time, had the obligation to identify the property or report capital gains on his tax returns.

Since Molina failed to establish his prima facie entitlement to judgment as a matter of law, the Surrogate's Court properly denied his motion for summary judgment dismissing the petition insofar as asserted against him regardless of the sufficiency of the petitioners' opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Molina's remaining contentions are without merit, are not properly before this Court, or have not been reviewed (*see Rubeo v National Grange Mut. Ins. Co.*, 93 NY2d 750, 754-757 [1999]; *Bray v Cox*, 38 NY2d 350, 353-355 [1976]). Balkin, J.P., Dickerson, Sgroi and Cohen, JJ., concur.