# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1150**
**CA 16-00524**
PRESENT: WHALEN, P.J., SMITH, PERADOTTO, NEMOYER, AND SCUDDER, JJ.

---

PELUSIO CANANDAIGUA, LLC, PLAINTIFF-RESPONDENT,

                    V                                    MEMORANDUM AND ORDER

GENESEE REGIONAL BANK, DEFENDANT-APPELLANT.

---

LACY KATZEN LLP, ROCHESTER (MICHAEL J. WEGMAN OF COUNSEL), FOR
DEFENDANT-APPELLANT.

HOLTZBERG LAW FIRM, ROCHESTER (RICHARD H. HOLTZBERG OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

     Appeal from an order of the Supreme Court, Monroe County (Ann
Marie Taddeo, J.), entered November 12, 2015.  The order denied the
motion of defendant for summary judgment dismissing the complaint.

     It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the complaint is dismissed.

     Memorandum:  Plaintiff leased commercial premises to a tenant
that secured a loan from defendant.  As a condition of the loan,
defendant required the tenant to obtain from plaintiff a "Landlord
Waiver" (waiver), which provided, inter alia, that any claims
plaintiff may have against the tenant were subordinate to defendant's
security interest in the tenant's assets used as collateral to secure
the loan.  The tenant arranged to liquidate its assets and, during
that period, it did not make the payments owed to plaintiff pursuant
to the lease agreement.  Plaintiff thereafter commenced the instant
action alleging in a single cause of action that defendant was
unjustly enriched when it took possession of the tenant's assets
without paying rent to plaintiff.  We agree with defendant that
Supreme Court erred in denying its motion for summary judgment
dismissing the complaint.

     The record establishes that there are two waivers, which were
executed and acknowledged by plaintiff's principal on the same date.
Pursuant to the version on which defendant relies in support of its
motion, defendant was entitled to the use of the premises for 30 days,
rent-free, after it took possession of the premises for the purposes
of protecting its security interest.  Pursuant to the version of the
waiver on which plaintiff relies in opposition to the motion,
defendant was entitled to the use of the premises for 60 days, with
the obligation to pay rent, after it was given or obtained access to

the premises for the purpose of protecting its security interest. Both versions provided that plaintiff would provide written notice to defendant in the event the tenant defaulted on its lease agreement with plaintiff and provide defendant with an opportunity to cure the default. It is undisputed that plaintiff did not provide such notice, and we thus conclude that defendant established its entitlement to judgment as a matter of law on the cause of action alleging unjust enrichment. "The theory of unjust enrichment lies as a quasi-contract claim. It is an obligation the law creates in the absence of any agreement . . . Here, . . . there was no unjust enrichment because the matter is controlled by contract . . . [, and thus] there is no valid claim for unjust enrichment" (*Goldman v Metropolitan Life Ins. Co.*, 5 NY3d 561, 572).

To the extent that the parties on appeal treat the complaint as also alleging a claim for breach of contract, we conclude that defendant established its entitlement to judgment with respect to that claim based upon documentary evidence establishing that both versions of the waiver were signed only by plaintiff and thus that the claim is barred by the statute of frauds (*see* General Obligations Law § 5-701 [a] [2]; *American Tower Asset Sub, LLC v Buffalo-Lake Erie Wireless Sys. Co., LLC*, 104 AD3d 1212, 1212). Viewing the submissions of the parties in the light most favorable to the nonmoving party, as we must (*see Victor Temporary Servs. v Slattery*, 105 AD2d 1115, 1117), we conclude that plaintiff failed to raise an issue of fact sufficient to defeat defendant's motion insofar as it sought to dismiss a claim for breach of contract (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court