■ AMALFI, INC., Appellant, v 428 CO., INC., et al., Respondents. [61 NYS3d 434]—

Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered December 9, 2016. The order and judgment, insofar as appealed from, granted the motions of defendants for summary judgment and dismissed the complaint.

It is hereby ordered that the order and judgment insofar as appealed from is unanimously reversed on the law without costs, defendants' motions are denied, and the complaint is reinstated.

Memorandum: Pursuant to an agreement with defendant 428 Co., Inc. (428 Co.), plaintiff held a right of first refusal to purchase a commercial building "at the same price and on the same terms" as any "bona fide" offer. Plaintiff commenced the instant action to enforce that contractual right after 428 Co. allegedly sold the subject property to defendant SS Restaurant Building, LLC (SS) pursuant to a bona fide transaction without honoring plaintiff's right of first refusal. Supreme Court subsequently granted defendants' respective motions for summary judgment dismissing the complaint against them and denied plaintiff's cross motion for summary judgment. Plaintiff, as limited by its brief, appeals from the order and judgment insofar as it granted defendants' motions. We reverse the order and judgment insofar as appealed from.

Under the doctrine of tax estoppel, " '[a] party to litigation may not take a position contrary to a position taken in [a] tax return' " (*Matter of Elmezzi*, 124 AD3d 886, 887 [2015], quoting *Mahoney-Buntzman v Buntzman*, 12 NY3d 415, 422 [2009]). Here, 428 Co. and SS jointly submitted a Real Property Transfer Report (RPT report), also known as an RP-5217 form,

to the Department of Taxation and Finance in which they certified that the transfer of the subject property was not a "sale between related companies or partners in business." The instructions for that tax form define a "sale between related companies or partners in business" as any sale in which both the buyer entity and seller entity are, inter alia, "controlled by the same person." Thus, by certifying that the sale was not "between related companies or partners in business," both 428 Co. and SS swore that they were not "controlled by the same person." Defendants are therefore estopped from taking a contrary position in this action, namely, that the transfer of the subject property was not a bona fide sale because 428 Co. and SS were actually controlled by the same person (*see Matter of Ansonia Assoc. L.P. v Unwin*, 130 AD3d 453, 454 [2015]).

The sworn statements made in the RPT report further estop defendants from asserting that various mortgage assumptions worth over $2 million constituted part of the purchase price, and that plaintiff was therefore unwilling to purchase the property "at the same price and under the same terms" as SS (*see id.*). The instructions for the tax form require that any mortgage assumptions be listed as part of the "Full Sale Price" on the RPT report, and 428 Co. and SS did not do so here. Indeed, 428 Co. and SS listed only a cash sale price of $238,493 as the "Full Sale Price" on the RPT report, and it is undisputed that plaintiff was ready, willing, and able to purchase the property for that amount.

Finally, plaintiff did not waive its right of first refusal, given defendants' undisputed failure to follow the procedure set forth in the contract with respect to that right (*see Cipriano v Glen Cove Lodge #1458, B.P.O.E.*, 1 NY3d 53, 60 [2003]; *Cortese v Connors*, 1 NY2d 265, 268-269 [1956]). Present—Whalen, P.J., Peradotto, Lindley, NeMoyer and Curran, JJ.