Amalfi, Inc. v 428 Co., Inc. (2020 NY Slip Op 04285)





Amalfi, Inc. v 428 Co., Inc.


2020 NY Slip Op 04285


Decided on July 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


1213 CA 18-02049

[*1]AMALFI, INC., PLAINTIFF-RESPONDENT,
v
428 CO., INC., ET AL., DEFENDANTS, FIRST AMHERST DEVELOPMENT GROUP, LLC, AND SS RESTAURANT BUILDING, LLC, DEFENDANTS-APPELLANTS. 






DUKE, HOLZMAN, PHOTIADIS & GRESENS, LLP, BUFFALO (CHARLES C. RITTER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ZDARSKY, SAWICKI & AGOSTINELLI LLP, BUFFALO (GERALD T. WALSH OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered October 3, 2018. The order and judgment, among other things, granted in part plaintiff's motion for summary judgment and denied the cross motion of defendants First Amherst Development Group, LLC and SS Restaurant Building, LLC for summary judgment. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously modified on the law by granting in part the cross motion of defendants-appellants and dismissing the fifth cause of action, and as modified the order and judgment is affirmed without costs and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Pursuant to an agreement with defendant 428 Co., Inc. (428 Co.), plaintiff held a right of first refusal to purchase a commercial building, in which plaintiff operates a restaurant, "at the same price and on the same terms" as any "bona fide" offer. Plaintiff commenced the instant action to enforce that contractual right after 428 Co. allegedly sold the subject property to defendant SS Restaurant Building, LLC (SS) pursuant to a bona fide transaction without honoring plaintiff's right of first refusal.
On a prior appeal, we reversed insofar as appealed from an order and judgment granting defendants' respective motions for summary judgment dismissing the complaint against them (Amalfi, Inc. v 428 Co., Inc., 153 AD3d 1610, 1610 [4th Dept 2017]). We concluded that, "[u]nder the doctrine of tax estoppel," 428 Co. and SS were estopped from taking a position contrary to the sworn statements in a Real Property Transfer Report (RPT Report) wherein they certified that the transfer of the subject property was not a " sale between related companies or partners in business,' " thereby swearing that they were not controlled by the same person (id. at 1610-1611). Thus, we held that 428 Co. and SS could not take the position that the transfer of the subject property was not a bona fide sale because 428 Co. and SS were actually controlled by the same person (id. at 1611). Furthermore, we held that sworn statements in the RPT Report also estopped defendants from asserting that various mortgage assumptions worth over $2 million constituted part of the purchase price of the restaurant (id.).
Following this Court's prior decision, Supreme Court granted in part plaintiff's motion for summary judgment and denied defendants' respective cross motions for summary judgment. The court held, inter alia, that 428 Co. breached the lease agreement by failing to honor plaintiff's right of first refusal, that, despite plaintiff's failure to record the right of first refusal, SS was not a good faith purchaser because it either knew or should have known about plaintiff's right, and that the lease agreement's subordination clause applied only to the amount of the mortgage at the time of the improper transfer between 428 Co. and SS. Thus, the court, in effect, [*2]ordered specific performance of the right of first refusal and rescission of the improper transfer of the property, and further ordered, inter alia, that, if plaintiff exercises its option to purchase the property, then SS must reimburse plaintiff for rent paid by plaintiff since the time the option should have been honored. Defendant First Amherst Development Group, LLC and SS (collectively, SS defendants) appeal.
Initially, we reject the SS defendants' contention that the court erred in determining that the subject property was transferred pursuant to a bona fide sale for purposes of triggering plaintiff's right of first refusal. We conclude that plaintiff met its initial burden in that respect by citing our prior decision, which establishes that the SS defendants are estopped from arguing that the transfer of the subject property was not bona fide (id. at 1610-1611), and submitting the RPT Report, which contains the relevant sworn statements. Plaintiff therefore established that there are no issues of fact whether the sale of the property by 428 Co. to SS was bona fide for the purposes of triggering plaintiff's right of first refusal and, in opposition, defendant failed to raise any triable issues of fact in that respect (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We also reject the SS defendants' contention that the court erred in determining that SS was not protected by the recording statute (Real Property Law § 291). It is well settled that the recording statute protects a good faith purchaser for value from an unrecorded interest in a property, provided that the purchaser's interest is first to be duly recorded (see id.; § 294; Vanderbilt Brookland, LLC v Vanderbilt Myrtle, Inc., 147 AD3d 1106, 1109 [2d Dept 2017]). "The status of good faith purchaser for value cannot be maintained by a purchaser with either notice or knowledge of a prior interest or equity in the property, or one with knowledge of facts that would lead a reasonably prudent purchaser to make inquiries concerning such" (Yen-Te Hsueh Chen v Geranium Dev. Corp., 243 AD2d 708, 709 [2d Dept 1997], lv dismissed 91 NY2d 921 [1998], rearg denied 91 NY2d 949 [1998]; see Vanderbilt Brookland, LLC, 147 AD3d at 1109-1110; Tanzini v Sunset Beach Prop. Owners Assn., 195 AD2d 984, 985 [4th Dept 1993], lv denied 82 NY2d 665 [1994]). There is no dispute that plaintiff did not record the operative lease containing the right of first refusal at issue here. Thus, SS is not chargeable with record notice of the lease or plaintiff's right of first refusal, and plaintiff therefore had the initial burden on its motion of establishing that SS had either actual or constructive notice of the lease and plaintiff's right of first refusal (see generally Farrell v Sitaras, 22 AD3d 518, 521-522 [2d Dept 2005]). Here, we conclude that plaintiff met that burden by submitting evidence establishing that the same person had almost unilaterally controlled, managed, or owned both SS and 428 Co. for over 10 years at the time of the transfer and that, as a result, SS had actual notice of the lease and plaintiff's right of first refusal (cf. 487 Elmwood v Hassett, 83 AD2d 409, 413 [4th Dept 1981], appeal dismissed 55 NY2d 1037 [1982]). Indeed, plaintiff submitted evidence establishing that the person had a substantial, long-term involvement in matters that centered on the original lease, that he was substantially involved in negotiating and executing a first amendment to the original lease, and that he corresponded with plaintiff twice to facilitate renewal of the lease. We further conclude that, in opposition, the SS defendants did not submit any evidence raising a triable issue of fact regarding the issue of actual notice (see generally Zuckerman, 49 NY2d at 562).
Contrary to the SS defendants' further contention, we conclude that the court properly determined that only that portion of the consolidated mortgage that was on the property at the time of the improper transfer has priority over the lease and plaintiff's right of first refusal. "Under New York's Recording Act . . . , a mortgage loses its priority to a subsequent mortgage where the subsequent mortgagee is a good-faith lender for value, and records its mortgage first without actual or constructive knowledge of the prior mortgage" (Mortgage Elec. Registration Sys., Inc. v Rambaran, 97 AD3d 802, 803 [2d Dept 2012] [internal quotation marks omitted]; see Real Property Law § 291). Here, we conclude that plaintiff established its entitlement to summary judgment on this issue by submitting evidence demonstrating that SS was not a good faith purchaser inasmuch as SS was aware of the right and yet proceeded with the property transfer and the mortgage consolidation anyway (see generally Mortgage Elec. Registration Sys., 97 AD3d at 803-804). We further conclude that, in opposition, the SS defendants did not raise a triable issue of fact in that respect (see generally Zuckerman, 49 NY2d at 562).
Nevertheless, we agree with the SS defendants that the court erred in denying their cross motion for summary judgment with respect to the cause of action for tortious interference with contract, and we therefore modify the order and judgment accordingly. "Tortious interference [*3]with contract requires the existence of a valid contract between the plaintiff and a third party, defendant's knowledge of that contract, defendant's intentional procurement of the third-party's breach of the contract without justification, actual breach of the contract, and damages resulting therefrom" (Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]; see Canandaigua Natl. Bank & Trust Co. v Acquest S. Park, LLC, 170 AD3d 1663, 1664-1665 [4th Dept 2019]). Here, we conclude that the SS defendants met their initial burden on their cross motion with respect to that cause of action by submitting evidence establishing that SS did not intentionally induce 428 Co. to breach the lease (see generally Rapp Boxx v MTV, Inc., 226 AD2d 324, 324-325 [1st Dept 1996]; Costanza Constr. Corp. v City of Rochester, 135 AD2d 1111, 1112 [4th Dept 1987]). We further conclude that, in opposition, plaintiff did not raise an issue of fact in that respect (see generally Zuckerman, 49 NY2d at 562).
We reject, however, the SS defendants' related contention that the dismissal of the tortious interference with contract cause of action means that plaintiff is not entitled to rescission of the improper transfer. Here, plaintiff sought only damages, and did not seek equitable relief, in connection with its tortious interference with contract cause of action. Plaintiff pleaded rescission of the improper transfer as a separate cause of action, and rescission may, as here, be separately alleged in its own right, and not merely as a remedy, under appropriate circumstances (see K.S. & S. Rest. Corp. v Yarbrough, 104 AD2d 486, 487 [2d Dept 1984]; Tompkins v Veigel, 8 AD2d 929, 930 [4th Dept 1959]).
We also reject the SS defendants' contention that an express contract requiring plaintiff to pay rent to SS during the relevant time frame precludes plaintiff's unjust enrichment cause of action (see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388 [1987]; Pelusio Canandaigua, LLC v Genesee Regional Bank, 145 AD3d 1557, 1558 [4th Dept 2016]). Although the record reflects that plaintiff entered into a written settlement agreement with SS, which permitted plaintiff to continue operating the restaurant on the premises and required it to pay rent pending appeal, that agreement also established that the parties reserved the right to seek "alternative or additional claims or defenses" following the appeal. Moreover, the agreement specifically stated that it "shall not be admissible" for the purpose for which the SS defendants seek to use it in this action. We therefore conclude that the court properly determined that plaintiff is entitled to reimbursement of rental payments on its unjust enrichment cause of action. Under the circumstances of this case, however, we remit the matter to Supreme Court to determine the amount of such damages.
Entered: July 24, 2020
Mark W. Bennett
Clerk of the Court