Rizzo v National Vacuum Corp. (2020 NY Slip Op 04693)





Rizzo v National Vacuum Corp.


2020 NY Slip Op 04693


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, TROUTMAN, AND BANNISTER, JJ.


484 CA 19-00145

[*1]JULIANNE RIZZO, INDIVIDUALLY AND ON BEHALF OF NATIONAL VACUUM CORP., NATIONAL MAINTENANCE CONTRACTING CORP., NATIONAL POWER ASSOCIATES CORP., AND NATIONAL RESPONSE & EMERGENCY SERVICES, INC., AND JULIANNE RIZZO CPA, P.C., FORMERLY KNOWN AS ELLEGATE & RIZZO CPA'S P.C., INDIVIDUALLY AND ON BEHALF OF NATIONAL VACUUM CORP., NATIONAL MAINTENANCE CONTRACTING CORP., NATIONAL POWER ASSOCIATES CORP., AND NATIONAL RESPONSE & EMERGENCY SERVICES, INC., PLAINTIFFS-RESPONDENTS,
v
NATIONAL VACUUM CORP., ET AL., DEFENDANTS, NATIONAL MAINTENANCE CONTRACTING CORP., AND SAMUEL D. LEHR, DEFENDANTS-APPELLANTS. 






MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (EDWARD P. PERLMAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
GROSS SHUMAN P.C., BUFFALO (DAVID H. ELIBOL OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Niagara County (Henry J. Nowak, Jr., J.), entered January 24, 2019. The order granted the cross motion of defendants Samuel D. Lehr and National Maintenance Contracting Corp. for leave to reargue and, upon reargument, adhered to a prior order granting the motion of plaintiffs for partial summary judgment and denying the cross motion of those defendants for partial summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking, inter alia, a declaration that plaintiff Julianne Rizzo, in her individual capacity, was and remains a 20% owner of defendant National Maintenance Contracting Corp. (NMCC). Supreme Court granted plaintiffs' motion for partial summary judgment on the issue of Rizzo's 20% ownership of NMCC, concluding that the doctrine of tax estoppel precluded NMCC and defendant Samuel D. Lehr (collectively, defendants) from denying Rizzo's ownership interest in NMCC, and denied defendants' cross motion for summary judgment dismissing the complaint against them insofar as it alleges that Rizzo owns 20% of NMCC. Defendants now appeal from an order that granted their cross motion for leave to reargue their prior cross motion and their opposition to plaintiffs' motion and, upon reargument, adhered to the court's prior determination. We affirm.
The court properly granted the motion and denied the cross motion for summary judgment based on its conclusion that the doctrine of tax estoppel precluded defendants from denying that Rizzo has a 20% ownership interest in NMCC. Under the doctrine of tax estoppel,
" [a] party to litigation may not take a position contrary to a position taken in [a] . . . tax return' " (Matter of Elmezzi, 124 AD3d 886, 887 [2d Dept 2015], quoting Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]; see Amalfi, Inc. v 428 Co., Inc., 153 AD3d 1610, 1610 [4th Dept 2017]). Here, plaintiffs met their initial burden on the motion by submitting a copy of Form 2553: Election by a Small Business Corporation (election form) that Lehr—in his capacity as president of NMCC—signed under penalty of perjury. The document was also signed by Rizzo, Lehr, and defendant John G. Kozlowski in their capacity as shareholders. The column in [*2]the election form labeled "Number of shares or percentage of ownership," lists "60" beside Kozlowski's name and "20" beside both Rizzo's and Lehr's names. By filing that election form, Lehr—who admitted that it was his signature on the form—and NMCC swore that Rizzo owned 20% of the company and are thereby estopped from denying Rizzo's ownership interest (see Matter of Ansonia Assoc. L.P. v Unwin, 130 AD3d 453, 454 [1st Dept 2015]).
Defendants failed to raise a triable issue of fact in opposition (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). We reject defendants' contention that, because the election form does not specify whether Rizzo owns 20 shares or 20% of the company, there is an issue of fact with respect to what percentage of NMCC Rizzo owns. Even if the numbers "60," "20," and "20" refer to the number of shares issued to the shareholders instead of their percentages of ownership, they demonstrate that NMCC issued a total of 100 shares to its shareholders and therefore that Rizzo, as owner of 20 of the 100 shares, owns 20% of NMCC.
In light of our determination, defendants' remaining contention is academic.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court