Robert Owen Lehman Found., Inc. v Wien (2021 NY Slip Op 04799)





Robert Owen Lehman Found., Inc. v Wien


2021 NY Slip Op 04799


Decided on August 26, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 26, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


225 CA 20-00723

[*1]ROBERT OWEN LEHMAN FOUNDATION, INC., PLAINTIFF-RESPONDENT,
v
ISRAELITISCHE KULTUSGEMEINDE WIEN, ET AL., DEFENDANTS, AND ROBERT RIEGER TRUST, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






DUNNINGTON BARTHOLOW & MILLER, NEW YORK CITY (RAYMOND J. DOWD OF COUNSEL), FOR DEFENDANT-APPELLANT. 
NIXON PEABODY LLP, ROCHESTER (ZACHARY C. OSINSKI OF COUNSEL), FOR PLAINTIFF-RESPONDENT.


 Appeal from an order of the Supreme Court, Monroe County (J. Scott Odorisi, J.), entered January 14, 2020. The order, among other things, denied the motion of defendant Robert Rieger Trust for a change of venue or, in the alternative, to dismiss the amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In 1917, Austrian artist Egon Schiele made a portrait of his wife Edith. In 1964, that artwork was bought by art collector Robert Lehman, Sr. from an exhibition at an art gallery in London, England and, later that year, Lehman, Sr. gifted the artwork to his son, Robert Owen Robin Lehman (Robin). In 2016, Robin gifted the artwork to plaintiff, his eponymous foundation. After plaintiff consigned the artwork to Christie's for auction, two groups asserted competing claims of ownership of the artwork, alleging that the artwork left the possession of its rightful owner during the Holocaust. Defendant Israelitische Kultusgemeinde Wien (IKG) represents defendant Susan Zirkl Memorial Foundation Trust, which claims ownership of the artwork as an heir of Karl Maylander. Defendant Robert Rieger Trust (Rieger) and defendant Michael Bar claim ownership as heirs of Heinrich Rieger. Plaintiff then commenced this action seeking, inter alia, a declaration that it is the rightful owner of the artwork. In appeal No. 1, Rieger appeals from an order that denied its motion for a change of venue or, in the alternative, to dismiss plaintiff's amended complaint against it pursuant to CPLR 3211. Rieger and defendant Jacob Barak, the trustee of Rieger, then moved for leave to renew or reargue the motion denied in the order in appeal No. 1 and, in the alternative, to dismiss plaintiff's amended complaint against Rieger and Barak pursuant to CPLR 3211. Bar subsequently joined the motion of Rieger and Barak and, in appeal No. 2, Rieger, Barak and Bar (collectively, defendants) appeal from an order denying that motion. Insofar as the order in appeal No. 2 denied that part of defendants' motion seeking leave to reargue, it is not appealable and we therefore dismiss the appeal to that extent (see Stradtman v Cavaretta [appeal No. 2], 179 AD3d 1468, 1469 [4th Dept 2020]).
Rieger contends in appeal No. 1 that Supreme Court erred in denying its motion insofar as Rieger sought to dismiss the amended complaint against it. Specifically, Rieger contends that plaintiff does not have standing to seek a declaration that it is the rightful owner of the artwork because plaintiff's tax returns do not list the artwork as an asset or state that it received the artwork in a gift transaction and thus, under the doctrine of tax estoppel, plaintiff cannot assert in this litigation that it owns the artwork. We reject that contention. "Where, as here, a defendant [*2]makes a pre-answer motion to dismiss based on lack of standing, 'the burden is on the moving defendant to establish, prima facie, the plaintiff's lack of standing, rather than on the plaintiff to affirmatively establish its standing in order for the motion to be denied' " (Matter of Violet Realty, Inc. v County of Erie, 158 AD3d 1316, 1317 [4th Dept 2018], lv denied 32 NY3d 904 [2018]). "Under the doctrine of tax estoppel, [a] party to litigation may not take a position contrary to a position taken in [a] . . . tax return" (Rizzo v National Vacuum Corp., 186 AD3d 1094, 1095 [4th Dept 2020] [internal quotation marks omitted]; see Mahoney-Buntzman v Buntzman, 12 NY3d 415, 422 [2009]). " '[T]ax estoppel' is applied where a party's subsequently-adopted litigation position flatly contradicts express assertions previously made in tax filings . . . , but the omission of an asset leaves all questions in regard to it open" (Angiolillo v Christie's, Inc., 185 AD3d 442, 443 [1st Dept 2020]; see Matter of Elmezzi, 124 AD3d 886, 887 [2d Dept 2015]). Here, tax estoppel does not prevent plaintiff from contending that it owns the artwork because plaintiff did not affirmatively assert in its tax return that it did not own the artwork; it simply did not list the artwork in a schedule of gifts that it received in 2016 (see Angiolillo, 185 AD3d at 443; Matter of Courant, 142 AD3d 614, 616 [2d Dept 2016], lv dismissed 29 NY3d 929 [2017]).
Contrary to Rieger's further contention in appeal No. 1, the court did not abuse its discretion in denying its motion insofar as it sought a change in venue. "The decision whether to grant a change of venue is committed to the sound discretion of the trial court, and will not be disturbed absent a clear abuse of discretion . . . Three grounds are available for a change of venue: (1) 'the county designated for that purpose is not a proper county'; (2) 'there is reason to believe that an impartial trial cannot be had in the proper county'; or (3) 'the convenience of material witnesses and the ends of justice will be promoted by the change' (CPLR 510)" (Harvard Steel Sales, LLC v Bain, 188 AD3d 79, 81 [4th Dept 2020]). " 'To effect a change of venue pursuant to CPLR 510 (1), a defendant must show both that the plaintiff's choice of venue is improper and that its choice of venue is proper' " (Matter of Zelazny Family Enters., LLC v Town of Shelby, 180 AD3d 45, 47 [4th Dept 2019]). Rieger failed to make such a showing inasmuch as plaintiff's choice of venue, i.e., Monroe County, is proper because plaintiff is "deemed a resident of" that County (see CPLR 503 [c]). Furthermore, contrary to Rieger's contention, CPLR 508 does not require that venue be placed in the county where the chattel is located (see Tower Broadcasting, LLC v Equinox Broadcasting Corp., 160 AD3d 1435, 1437 [4th Dept 2018]). Rieger abandoned any reliance on CPLR 510 (3) as a ground for change in venue inasmuch as it failed to raise that contention in defendants' main brief (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]). In any event, Rieger failed to meet its burden of demonstrating that the convenience of material witnesses would be better served by a change in venue (see Rowland v Slayton, 169 AD3d 1474, 1475 [4th Dept 2019]).
We reject Rieger's contention that plaintiff impermissibly chose Monroe County as a more tactically favorable forum for litigation. Rieger seeks to change venue to a different county within the same state, and thus the same substantive and procedural law will be applied regardless of which venue is the place of trial (cf. IRX Therapeutics, Inc. v Landry, 150 AD3d 446, 447 [1st Dept 2017]; L-3 Communications Corp. v SafeNet, Inc., 45 AD3d 1, 7-10 [1st Dept 2007]).
Contrary to defendants' contention in appeal No. 2, the court properly denied defendants' motion insofar as they sought to dismiss the amended complaint against them pursuant to CPLR 3211. With respect to Rieger, we conclude that the motion violated the single motion rule. Successive motions to dismiss a pleading pursuant to CPLR 3211 are prohibited (see CPLR 3211 [e]; Held v Kaufman, 91 NY2d 425, 430 [1998]) and, in the motion at issue in appeal No. 1, Rieger had already sought to dismiss the action against it pursuant to CPLR 3211. Moreover, we conclude that, contrary to defendants' contention, the amended complaint states a cause of action to quiet title to the artwork inasmuch as the facts alleged in the amended complaint are sufficient to establish that plaintiff owned the artwork (see CPLR 3211 [a] [7]; see generally D'Amico v Correctional Med. Care, Inc., 120 AD3d 956, 960 [4th Dept 2014]).
Finally, defendants' contention that the court erred in denying that part of their motion seeking leave to renew is not properly before us inasmuch as it was raised for the first time in their reply brief (see O'Sullivan v O'Sullivan, 206 AD2d 960, 961 [4th Dept 1994]). In any event, we conclude that the court did not abuse its discretion in denying that part of the motion inasmuch as "a motion for leave to renew is not a second chance freely given to parties who have [*3]not exercised due diligence in making their first factual presentation" (Matter of Kairis v Graham, 118 AD3d 1494, 1495 [4th Dept 2014] [internal quotation marks omitted]).
Entered: August 26, 2021
Mark W. Bennett
Clerk of the Court