OPINION OF THE COURT
Michael L. Hanuszczak, J.
In this case of first impression, the court is asked to determine whether an adoption may be filed in Onondaga County when *191 the adoptive father, who is a member of the military, is now stationed out of the County.
On January 7, 2010, the petitioners filed a verified petition seeking a stepparent adoption of a child who was born on (redacted) 2003. The adoptive mother is the birth mother of the subject child, and the adoptive father is the mother’s husband and an active member of the United States Air Force. At the time the petition was filed, the adoptive parents and the child resided with the adoptive mother’s parents at (redacted) New York (in Onondaga County). During the pendency of the proceeding, the adoptive father was assigned to active duty in the State of Delaware and he was joined there by his wife and the subject child. On May 25, 2010, this court signed an order dismissing the adoption proceeding without prejudice as withdrawn on the request of the attorney for the petitioners. On April 6, 2011, the attorney for the petitioners filed a motion seeking to reopen the proceeding or, in the alternative, to release the original documents, including the birth father’s consent form.
The adoption statutes are silent on any geographical basis for jurisdiction of an adoption proceeding. However, in setting forth the requirements for venue, section 115 (2) of the Domestic Relations Law states that the adoption petition must be filed in the county in which the petitioners “reside” or in which the subject child “resides.”
The term “reside” is defined as to settle oneself in a place, to dwell permanently or continuously, or to have one’s residence or domicile. (Black’s Law Dictionary 1308 [6th ed 1990].) Although the state adoption statutes do not define the term “reside,” it is well settled that active military duty does not affect one’s resident status. Under New York’s Constitution, for the purpose of voting, no person shall be deemed to have gained or lost a residence by reason of his or her presence or absence, while employed in the service of the United States. (NY Const, art II, § 4.) For purposes of obtaining social services, a New York State resident is defined as “any person who shall reside in the state continuously for one year” and
“State residence so acquired shall continue until such person shall have removed from the state and remained therefrom for one year; provided, however, that no person shall lose state residence by absence *192 from the state while serving in the armed forces of the United States . . . and, provided further, that no member of the family of any such person shall lose state residence by absence from the state while living with or near such person during the period of such service and on account thereof.” (Social Services Law § 117 [1].)
The adoptive mother, in her affidavit dated February 28, 2011, states that she and her husband consider (redacted) (in Onondaga County) to be their permanent address. She stated that her husband serves in the United States Air Force. She also stated that she and her husband have New York driver’s licenses, register their vehicle in New York State, and file New York State resident tax returns. The adoptive mother also stated that she and her child resided at the (redacted) address when her husband was assigned to active duty elsewhere.
In its review of the case file, the court notes that the adoptive parents were married in Liverpool, New York (Onondaga County) on (redacted) 2008 and that they resided in the (redacted) residence since the time of the marriage, except at such times when the adoptive father was under order to report for duty at various Air Force installations. On their affidavit, license and certificate of marriage which was sworn to and affirmed on (redacted) 2008, each of the adoptive parents stated that she or he resided in Onondaga County.
Based upon the motion papers, its review of the case file and its analysis of the law, the court finds that the adoptive parents were residents of Onondaga County at the time the adoption petition was filed on January 7, 2010 and for at least one year prior to the filing. The court also finds that they continue to be residents of Onondaga County for purposes of the instant adoption proceeding.
Now, on motion of the attorney for the adoptive parents, it is adjudged, that the adoptive parents are residents of Onondaga County; and it is ordered, that the motion is granted, the order of dismissal dated May 25, 2010, is vacated, and the adoption proceeding is reinstated nunc pro tunc to January 7, 2010; and it is further ordered, that the order for investigation, filed and entered on April 5, 2010, directing the Onondaga County Probation Department to conduct a preadoption investigation and issue a report in the instant adoption proceeding is hereby vacated; and it is further ordered, that the adoptive parents are directed to cooperate with an order for investigation, which will *193 be issued separately by the court, and provide updated information as required by the court to process the adoption application.