Matter of N (2025 NY Slip Op 51725(U))

[*1]

Matter of N

2025 NY Slip Op 51725(U)

Decided on October 28, 2025

Family Court, New York County

Nelsen, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 28, 2025
Family Court, New York County

In the Matter of the Adoption of an Adult Whose First Name is N

Docket No. A-08611-25

Petitioner - A.D.C appearing pro se 

Jaimee L. Nelsen, J.

On or about September 17, 2025, the Petitioner filed a pro se petition seeking to adopt her adult stepchild. Petitioner lists a New York County address in her petition and claims to be a resident of both Paris, France and of New York City in the United States. On or about September 17, 2025, the adoption clerk notified Petitioner via electronic mail that New York County Family Court must have jurisdiction over the parties for the adoption to proceed, and that the supervising Judge and court attorney would review the file before accepting the filing.
Petitioner submitted several documents purporting to be "proof of residence" in New York County. Among the documents Petitioner submitted were a Chase Bank checking summary dated January 31, 2022; a generic letter from Douglas Elliman Property Management company to shareholders of XXX dated May 1, 2023 (Petitioner's name is handwritten on an otherwise typed letter); a copy of U.S. Individual Income Tax Return for a "Tax Payer Abroad" for tax year 2023 dated October 11, 2024 (Petitioner lists her Paris address on her tax return); correspondence from the New York State Department of Taxation and Finance with a balance due for an assessment income dated June 6, 2025 (the letter is addressed to Petitioner's Paris address); an invoice from ManhattanLife for two separate homeowner policies for a New York City apartment dated April 16, 2024; and billing statements from ConEdison dated October 28, 2020 and June 2, 2025 for the same apartment in New York City.
Petitioner was advised on or about October 9, 2025 of the court's concern that New York County is not the proper venue for this adoption. The court gave the Petitioner an opportunity to provide additional evidence to show New York residence and issued a deadline of October 27, 2025 [*2]by which to provide additional documentation. On or about October 13, 2025, Petitioner, via electronic mail, represented to the court that she grew up in Bedford, New York, and that she owns an apartment in New York County. She further stated that she is an international showjumping rider and travels fifty (50) weeks out of the year. Finally, Petitioner stated that her biological children have dual citizenship in the United States and in France. On or about October 17, 2025, Petitioner's husband submitted additional documents to the court as evidence of Petitioner's residence in New York County. Among the additional documents submitted were three separate monthly maintenance bills from Douglas Elliman Property Management company dated June 1, 2020, May 1, 2021, and October 1, 2025 (the maintenance bills are addressed to Petitioner's Paris address); a Travelers insurance home quote for an apartment in New York City dated September 24, 2019; and a Safeco Insurance condo insurance quote for an apartment in New York City dated November 21, 2024.
No additional evidence was submitted as proof of residence in New York County. For the following reasons, the petition is dismissed.
The issue of residence is a question of fact. Pursuant to D.R.L. § 115(2), an adoption petition must be filed in the county in which the petitioners "reside" or in which the subject child "resides." However, the D.R.L. does not directly define "resident" and the caselaw is limited. "The term 'reside' is defined as to settle oneself in a place, to dwell permanently or continuously, or to have one's residence or domicile." In re Adoption of a Child Named H., 32 Misc 3d 190 (4th Dept., 2011) (internal quotations omitted) (distinguished). In that case, when determining residence, the court considered several factors including, but not limited to: whether the petitioner considered the address a permanent address, whether the petitioner lived in the county for a continuous period, whether the petitioner resided at the address with the child, whether the petitioner possessed an identification or driver's license, or a voting registration card, or whether the petitioner filed state taxes. Id.
Given the sparse caselaw on the definition of "resident" under the D.R.L., reference to other statutory definitions is both instructive and appropriate. For example, New York State Tax Law provides, with limited exceptions, that a person is deemed a "resident individual" if he or she (1) is domiciled in New York, or (2) if not domiciled in New York, maintains a permanent place of abode within the state and spends 183 days or more therein during the taxable year. Tax Law § 605 (b) (1). Similarly, New York State Election Law defines a person's residence as "the place where a person maintains a fixed, permanent and principal home and to which he, wherever temporarily located, always intends to return." Election Law § 1-104 (22). Likewise, the Surrogate's Court Procedure Act defines a "domiciliary" as one who has "a fixed, permanent and principal home to which" he or she "wherever temporarily located always intends to return." SCPA 103 (15), (16); See also People v Cruciani, 63 Misc 3d 226, 231—232 (Sup 2019).
Petitioner has established that she owns an apartment in New York County, pays a management company to manage her New York County apartment, and pays the necessary costs associated with property ownership.[FN1]
However, there was no other evidence presented to demonstrate that Petitioner spends any time in her New York apartment, or that she resides in her New York apartment when she is not traveling for her career. 
Merely owning property in New York County is an insufficient nexus to establish jurisdiction. "Adoption is 'solely the creature of, and regulated by, statute,' and, consequently, the [*3]adoption statutes must be strictly construed." Matter of Yary, 100 AD3d 200 (1st Dept., 2012) (internal quotations omitted). In order for this court to exercise jurisdiction, Petitioner must reside in New York. Petitioner has failed to establish sufficient contacts to establish residence in New York County.
Finally, it is telling that the Petitioner has failed to submit any New York State Tax Returns with her petition, and that her federal tax return lists a non-New York (indeed, non-U.S.) address. Petitioner herself does not allege to the tax authorities that she is a New York resident. It is well settled that a "party to litigation may not take a position contrary to a position taken in an income tax return." Mahoney-Buntzman v. Buntzman, 12 NY3d 415, 422 (2009).
Here, based upon the review of the case file and its analysis of the law, the court finds that neither the petitioning adoptive parent nor the subject of the adoption reside in New York County, and the court has no jurisdiction to preside over this matter. Therefore, the petition for adoption is dismissed.
Accordingly, it is ORDERED that, the petition for adoption of N is Dismissed.
This constitutes the decision and order of the court. The Clerk of the Court is directed to email a copy of this order to the parties.
Dated: October 28, 2025
New York, New York
JAIMEE L. NELSEN, F.C.J.

Footnotes

Footnote 1:Petitioner's property management bills and tax returns list Paris, France as her address.